## George Brown, Jr., Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 14,980.

1. CONTRIBUTORY NEGLIGENCE—*when failure to look and listen does not constitute.* One riding upon a wagon with duties to perform thereon, having no control over the driver thereof, is not guilty of contributory negligence as a matter of law in failing to keep a lookout for approaching street cars.

2. NEGLIGENCE—*when violation of ordinance will not bar recovery.* One employed upon a wagon but not having control thereof or of the driver thereon, will not be barred of a recovery for injuries sustained by such wagon being struck by a street car because of such wagon not being provided with a light as required by ordinance.

3. INSTRUCTIONS—*approved form as to ordinary care.* An instruction upon this subject, as follows, approved.

"The court instructs the jury, as a matter of law, that the defendant was not required to exercise toward the plaintiff the highest degree of care, but the said defendant was only required to exercise toward the plaintiff ordinary care on the occasion in question, and ordinary care is such care as a person of ordinary prudence would exercise under the same or like circumstances, and if the jury believe from the evidence, under the instructions of the court, that the defendant exercised just before and at the time of the accident in question, ordinary care to avoid injuring the plaintiff, but that, nevertheless, the plaintiff was injured, then they should find the defendant not guilty."

4. INSTRUCTIONS—*approved form as to credibility of witnesses.* An instruction upon this subject as follows, approved:

"The jury are instructed that they are the judges of the credit that ought to be given to the testimony of the different witnesses, and that they are not to believe anything to be a fact because a witness has stated it to be so, provided the jury believe from all the evidence that such witness is mistaken about such fact or has wilfully and knowingly testified falsely in regard thereto."

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 17, 1910.

JOHN S. LORD, FRANKLIN B. HUSSEY and C. LEROY BROWN, for appellant; JOHN R. HARRINGTON, of counsel.

WILLIAM ELMORE FOSTER, THOMAS E. D. BRADLEY and CLAYTON W. MOGG, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action on the case for personal injuries plaintiff had judgment for $3,500 and the defendant appealed. The defendant operated in State street, Chicago, a double track electric street railway. Harrison street west from State is about forty feet north of the same street east from State. Plaintiff when injured was on a wagon which came east on Harrison into State and was going to cross State and then go east on Harrison. The wagon belonged to, and the driver was employed by, a certain teaming company. The wagon had on it eighteen large trunks belonging to the American Express Company. Plaintiff was employed by the Express Company, and his duty on the wagon was to take charge of the trunks and their contents and see that nothing was taken or lost from the wagon.

From the evidence the jury might properly find that the team was driven diagonally, in a southeasterly direction, across State street; that when the team went on the east track, which was the north-bound track, the north-bound car, which afterwards struck the wagon, was more than one hundred feet south of the train; that the street was well lighted and that the motor man in charge of said car saw the wagon when it was in Harrison street approaching State; that the wagon was plainly visible from the car from that time until the collision occurred, and that the car could have been stopped after the team went on the north-bound track in time to avoid a collision between the car and the wagon. Before the wagon cleared the track the car struck the hind end of the wagon and thereby the plaintiff sustained the injuries complained of.

From the evidence the jury might, we think, properly find that the defendant negligently operated said

car, and that thereby plaintiff was injured as alleged in the declaration.

The errors relied on by appellant for a reversal of the judgment as stated in the bill are:

"1.   Plaintiff failed to prove he was in the exercise of ordinary care for his own safety.

2.   The court erred in refusing to instruct the jury as to the definition of the care required by law of the parties.

3.   The court erred in giving improper instructions.

4.   The court erred in rulings upon the admission and rejection of evidence."

Plaintiff's duty on the wagon was to watch and guard the trunks and their contents. He had nothing to do with the driving of the team, no control over its driver except perhaps to direct him where to go. He testified that he knew that there were street cars in State street and that he did not remember that he looked either way after the wagon reached State street, to see if the cars were coming. We think that on the evidence in the case the question whether the plaintiff was in the exercise of reasonable care for his own safety was a question for the jury, on which their verdict must be held conclusive.

The court refused to give for the defendant the following instruction:

"1.   The court instructs the jury, as a matter of law, that the defendant was not required to exercise toward the plaintiff the highest degree of care, but the said defendant was only required to exercise toward the plaintiff ordinary care on the occasion in question, and ordinary care is such care as a person of ordinary prudence would exercise under the same or like circumstances, and if the jury believe from the evidence, under the instructions of the court, that the defendant exercised just before and at the time of the accident in question, ordinary care to avoid injuring the plaintiff, but that, nevertheless the plaintiff

was injured, then they should find the defendant not guilty.''

The instruction was proper and should have been given. In no given instruction did the court give any definition of the term ''ordinary care.'' The evidence was conflicting. The evidence for the defendant tended to show that the team was not driven diagonally across State street, but moved south in the south-bound track and proceeded in that track until opposite Harrison street east of State, and then turned to the east across the north-bound track; that as soon as the team started to turn to the east the motor man made every effort to stop the car, but was unable to do so in time to avoid striking the wagon. In D. & R. G. R. R. Co. v. Norgate, 141 Fed. 247; 6 L. R. A., N. S., 981, and in Junction City v. Blades, 1 Kan. App. 84; 41 Pac. Rep. 677, it was held erroneous to refuse to give for the defendant an instruction containing the same definition of ''ordinary care'' as the instruction in question. The term ''ordinary care'' is easily understood, but difficult to define. The definition stated in the refused instruction is rather a statement of the same idea in different language than a definition. As applied to the facts of this case we are unable to see how the defendant was prejudiced by the refusal to give the instruction. When the team drove on the track in front of the car, ordinary care on the part of the motor man required him to use all the means in his power to stop the car to avoid injuring the passengers in the car as well as the wagon and those on the wagon. The question for the jury then was not what ordinary care on the part of the motor man required him to do, but whether the collision was the result of his failure to do what ordinary care clearly required him to do to prevent such collision. We think the judgment should not be reversed for the refusal to give said instruction.

The substance of defendant's refused instruction 4 is contained in other instructions given for defend-

ant, and it was not error to refuse to give said instruction.

The court gave for the plaintiff the following instruction:

"17. The jury are instructed that they are the judges of the credit that ought to be given to the testimony of the different witnesses, and that they are not to believe anything to be a fact because a witness has stated it to be so, provided the jury believe from all the evidence that such witness is mistaken about such fact or has wilfully and knowingly testified falsely in regard thereto."

We think that the meaning of the instruction would not be altered or affected if the word "thereto," the last word in the instruction, is struck out and the words "to such fact" substituted, and therefore it was not error to give the instruction. Goss Printing Co. v. Lempke, 191 Ill. 199.

We do not think the court erred in giving plaintiff's instruction 26.

The evidence tended to show that there was no light on the wagon, and that the collision occurred about 11 P. M. The defendant offered and the court excluded the following ordinance of the city of Chicago:

### LIGHTS ON VEHICLES.

"1443. HOURS FOR CARRYING. It shall be unlawful for any owner or driver of any automobile, wagon, truck, dray, cart, carriage, cab, omnibus, bicycle, motorcycle, or other wheeled vehicle, to use the streets of the city without having displayed until daybreak after the hour of eight P. M. during the period commencing with April first and ending October thirty-first, and until daybreak after six P. M. during the period commencing with November first and ending March thirty-first, one or more lights.

"1444. PENALTY. Any person violating any of the provisions of the preceding section shall be fined not less than ten dollars nor more that fifty dollars for each offense."

Plaintiff was neither the owner nor the driver of the

wagon and therefore was not guilty of a violation of the ordinance, and we think the ordinance was properly excluded.

The record is, we think, free from reversible error, and the judgment is affirmed.

*Affirmed.*