THE ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

FRANCISKA NOWICKI, Admx.

*Filed at Ottawa October 26, 1893.*

1. NEGLIGENCE—*due care.* In suits for personal injuries, caused by the negligence of the defendant, the plaintiff must allege and prove that he was at the time in the exercise of due care; and where the action is for causing the death of the plaintiff's intestate, the burthen is upon the administrator to show that the deceased exercised ordinary care to avoid the injury.

2. In an action against a railway company for causing the death of another, the plaintiff is not bound to show, by direct evidence, that the deceased was free from negligence; and where there was no eye-witness to the killing, the fact the deceased exercised ordinary care for his personal safety at the time of the injury may be shown by circumstantial evidence, or proof of facts and circumstances from which that fact may be reasonably inferred. It is not necessary that the absence of contributory negligence shall be shown beyond cavil or question.

3. In such case, proof that the deceased was a sober, industrious man, possessed of all his faculties, also tends to prove that he was, at the time of the accident, in the exercise of proper care. In the absence of direct proof the jury may infer ordinary care and diligence on the part of the deceased from all the circumstances of the case, his character and habits, and the natural instincts of self-preservation. It may also be shown that the deceased, at the time of the injury, was sober, and on

148  29
152  588

148  29
159  537

148  29
162  355
54a  555
58a  85

148  29
59a  564
62a  477

148  29
64a  233
66a  658

148  29
174  114
174  497
73a  158
74a  359
75a  151
76a  626

148  29
175  315
79a  379

148  29
80a  679
81a  147

148  29
83a  68

148  29
182  271

148  29
88a  40
88a  159

148  29
187  1469

148  29
93a  1109
93a  2109

148  29
190  4219

148  29
96a  4562
97a  1137

148  29
199  4  36
199  3  37

his proper way home, and was at a place where he had a right to be, in connection with proof of the negligence of the defendant.

4. SAME—*prima facie case.* The rule requiring the plaintiff to prove care on the part of the person injured, only requires evidence of the facts and circumstances attending the injury, and if these show negligence in the defendant, from which the injury followed as a direct and proximate consequence, and do not show any contributory negligence on the part of the person killed or injured, a *prima facie* case for the jury is made out.

5. PRACTICE—*directing what the verdict shall be.* The refusal of a motion, made after the close of all the evidence, to instruct the jury to find for the defendant, to which proper exception is taken, presents a question of law, which is subject to review in this court; but this is so only to the extent of determining whether there is, or is not, evidence legally tending to prove the fact affirmed,—that is, evidence from which, if credited, it may be reasonably inferred, in legal contemplation, the fact affirmed exists, leaving out of view the effect of all modifying or controverting evidence.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

Mr. SIDNEY F. ANDREWS, and Mr. JAMES FENTRESS, for the appellant:

The court should have given the instruction asked for by defendant at the close of the plaintiff's case. Beach on Contributory Negligence, 454; Cooley on Torts, 670; *Abend v. Railroad Co.* 111 Ill. 202; *Simmons* v. *Railroad Co.* 110 id. 340; *Blanchard* v. *Railroad Co.* 126 id. 416; *Railroad Co.* v. *Snyder,* 128 id. 655; *Randall* v. *Railroad Co.* 109 U. S. 482.

The court erred in submitting the case to the jury, and in refusing to give the peremptory instruction asked for by defendant at the close of all the evidence. *Martin* v. *Chambers,* 84 Ill. 579; *Phillips* v. *Dickerson,* 85 id. 15; *Bartelott* v. *Bank,* 119 id. 269, and cases cited *supra.*

Messrs. GIBBONS, KAVANAGH & O'DONNELL, for the appellee:

There are other elements of evidence also, which should be considered even in the absence of direct proof. The natural

instinct which leads men in their sober senses to avoid injury and preserve life, is an element of evidence. In all questions touching the conduct of men, motives and natural instincts are allowed to have their weight, and to constitute evidence for the consideration of courts and juries. *Allen* v. *Willard,* 57 Pa. St. 374; *Johnson* v. *Railway Co.* 20 N. Y. 65; *Railway Co.* v. *Price,* 29 Md. 420.

That a party will act with due care, both with reference to his own safety and the safety of others, is a natural presumption to be indulged in all cases, until overcome by proof to the contrary. *Railway Co.* v. *Geis,* 29 Md. 357; *Coal Co.* v. *Wombacher,* 134 Ill. 57.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Appellee brought this action in the Superior Court of Cook county, against appellant, to recover damages for negligently causing the death of her husband, George Nowicki. The first count of the declaration alleged that the deceased, while on one of the streets of Chicago, exercising due care, was struck and killed by a locomotive of the defendant, negligently run over and across said street at a rapid and reckless rate of speed. Also, by a second count, that the defendant negligently failed to erect gates at said street crossing, whereby the deceased, while walking over the said crossing, using due care, was struck by one of defendant's locomotives and killed. A plea of not guilty was filed, and a trial was had resulting in a judgment for $5000 and costs. That judgment was affirmed in the Appellate Court.

At the close of the plaintiff's evidence the court was asked to instruct the jury to return a verdict for the defendant, which was denied. After the evidence was all in the request was renewed, and again denied. That ruling is assigned for error, and is the principal ground of reversal now urged. It is insisted that the evidence, and all inferences which can

properly be drawn from it, fail to prove that the deceased used reasonable care to avoid the injury complained of, and therefore comes under the rule that when a material part of the plaintiff's case is wholly unsupported by proof, the court should exclude all the evidence from the jury, or instruct it to return a verdict for the defendant.

The overruling of the motion at the close of all the evidence, and proper exception thereto, present the question raised as one of law, subject to review in this court. (*Bartelott* v. *International Bank*, 119 Ill. 259; *Collar* v. *Patterson*, 137 id. 403.) But this is so only to the extent of determining whether there is or is not evidence legally tending to prove the fact affirmed, *i. e.*, "evidence from which, if credited, it may reasonably be inferred, in legal contemplation, the fact affirmed exists, laying entirely out of view the effect of all modifying or controverting evidence." The rule in this State undoubtedly is, that in suits for personal injuries, caused by the negligence of another, the plaintiff must allege and prove that he was, at the time, in the exercise of due care, and when the action is for causing the death of another, the burthen is upon the administrator to show that the deceased exercised ordinary care to avoid the injury. In the latter class of cases, however, and especially where no one saw the killing, direct testimony as to such care is not necessary, but may be inferred from the circumstances of the case, as shown by the evidence. (*Chicago, Burlington and Quincy Railroad Co.* v. *Gregory*, 58 Ill. 272; *Missouri Furnace Co.* v. *Abend*, 107 id. 44; *Chicago and Atlantic Railway Co.* v. *Carey*, 115 id. 115.) In the last case cited, Justice SHELDON, rendering the opinion, used the following language: "It is said there was no proof of the exercise of due care by the deceased. It was in evidence that about midnight he started to walk home on Fifty-first street, —that he was then sober. The situation of the cars would not lead one to think they were suddenly to be moved south across Fifty-first street. These were circumstances from

which there might be inference whether or not deceased used due care. Direct testimony upon this point was not required."

The evidence in this case shows that the defendant was operating a double track railroad, running substantially north and south across Eighty-third street, in South Chicago, the tracks making a sharp curve to the east immediately south of the street, and at a distance of about one hundred and twenty feet across the tracks of the Baltimore and Ohio railroad. The east track was used for south bound trains, and the west one for those going north. About eight o'clock in the evening a train headed south stopped to take water from a tank on the east side of the track, fifty feet south of the street, the cars standing on the crossing. At the same time a train from the south, on the west track, ran across the street, as the evidence tends to show, at a high rate of speed, and while on the crossing the engineer saw the body of the deceased roll off the pilot of his engine. The night was very dark, and it was raining. It is clear, from all the evidence, that by reason of the curve in the tracks and the position of the south bound train the view of the approaching train going north was more or less obstructed. It was proved that deceased lived east of the tracks, near the Eighty-third street crossing, and worked at a rolling mill west of the railroad. The evidence also tends to show that Eighty-third street was the convenient and usual route from the rolling mill to the dwelling of the deceased. He was seen a moment before he was struck, standing on the crossing between the rails of the west track. The plaintiff, his widow, testified that he left home about four o'clock that afternoon with some papers, intending to go to a real estate office, on business connected with a lot, and she saw him no more until after his death. She also stated that he was "a sober, good, hard-working man," and that when he left her that afternoon "he was a strong man—sound."

The conclusion from the facts proved is reasonably certain that the deceased was, at the time he was struck, attempting

3—148 ILL.

to cross the railroad track on Eighty-third street; from the west, for the purpose of reaching his home. It is also reasonable to suppose that he expected no train on the west track while the one was standing in front of him,—that his attention was directed to the train which obstructed his way, and which he doubtless expected momentarily to move on. In other words, the evidence tends to show that he was acting reasonably, in pursuance of his purpose, and as men ordinarily act under like circumstances. That he was, when last seen, between the rails, instead of standing on some other part of the crossing, was a circumstance to be taken into consideration by the jury, with all the other facts, in determining whether he used ordinary care, but is by no means conclusive proof of his negligence. He had a lawful right to be upon any part of the crossing, and whether, under all the circumstances, he exercised proper care for his personal safety in being between the rails, was a question of fact. Proof that the deceased was a sober, industrious man, possessed of all his faculties, also tended to prove that he was in the exercise of proper care.    *Missouri Furnace Co.* v. *Abend, supra; Chicago, Rock Island and Pacific Railway Co.* v. *Clark, Admx.* 108 Ill. 113; *Toledo, St. Louis and Kansas City Railroad Co.* v. *Bailey,* 145 id. 159.

The argument on behalf of appellant proceeds upon the theory, that inasmuch as the burthen of proof is upon the plaintiff to show due care on the part of deceased, there must be testimony tending to prove that he did certain things usually done by one about to cross a railroad track, and which generally should be done, as, looking and listening for approaching trains. If such proof were necessary in cases of this kind, a recovery could seldom, if ever, be had, however inexcusable the negligence of the defendant. The law is not so unreasonable. The foregoing decisions of this court are directly to the contrary. Other authorities are to the same effect. In *Way* v. *Illinois Central Railroad Co.* 40 Iowa, 345,

the trial court instructed the jury that the plaintiff was not required to produce direct and positive testimony showing just what the deceased was doing at the instant he received the injury causing his 'death; that the law requires only the highest proof of which the particular case is susceptible, and that 'the jury might take into consideration, with other facts, the instincts and presumptions which naturally lead men to avoid injury and preserve their own lives. It was objected that the instruction shifted the burthen of proof upon the defendant to show the contributory negligence of the deceased, but the court said: "We do not think the instruction vulnerable to this objection. The instincts prompting to preservation of life are thrown into the scale as evidence, like the presumption of sanity and innocence. But when the whole evidence is considered, these instincts included, the plaintiff can not recover unless the preponderance of evidence is in his favor."

The Supreme Court of California said in *Gay* v. *Winter*, 34 Cal. 153: "While we admit the general rule to be that the burden of proof is on the plaintiff to make a case which will leave him blameless, we do not understand that it follows that he must prove affirmatively, in all cases, that he exercised ordinary care and diligence. In the absence of any direct proof, we are of the opinion that the jury are at liberty to infer ordinary care and diligence on the part of the plaintiff from all the circumstances of the case, his character and habits, and the natural instincts of self-preservation. To hold otherwise would be, in effect, to presume negligence on the part of one, in excuse of negligence on the part of another."

In *Teipel* v. *Hilsendegen*, 44 Mich. 461, the question was whether the trial court had erred in taking the case from the jury, and after holding the burden to be on the plaintiff to prove due care on the part of the person injured, it is said: "But this only requires of him that he should put in evidence the facts and circumstances attending the injury, and if these

show negligent conduct in the defendant, from which the injury followed as a direct and proximate consequence, and do not show any contributory negligence in the plaintiff, a *prima facie* case for a jury is made out. He can not be required to go farther than this in negativing his own fault, and in many cases where there are no eye-witnesses it would be impossible. Nor is it necessary that the absence of contributory negligence should be shown beyond cavil or question. If the circumstances are such that reasonable minds might draw different conclusions respecting the plaintiff's fault, he is entitled to go to the jury upon the facts. The judge takes the case from the jury only when it is susceptible of but one just opinion. In this case there were no eye-witnesses, and the injury resulted in death. The plaintiff sues as administrator of the person killed. There was some evidence of negligence on the part of the defendant, and there was some ground for an opinion that the intestate was negligent also. But the plaintiff put in such proof of the attendant facts as were allowable under the circumstances, and from these it was by no means clear that the intestate was in fault at all. There was room for the conclusion that he was not. We think the case ought to have gone to the jury." See, also, *Mayo* v. *Boston Railroad Co.* 104 Mass. 137.

We entertain no doubt that under the repeated decisions of this court, as well as upon other authorities, there was competent evidence in this case tending to support the allegation of due care on the part of the deceased, and that the court very properly refused to take it from the jury.

The Appellate Court properly disposed of the assignment of errors on the refusal and modification of instructions.

The judgment will be affirmed.

*Judgment affirmed.*