THE GOSS PRINTING PRESS COMPANY

*v.*

CARL LEMPKE.

*Opinion filed June 19, 1901.*

INSTRUCTIONS—*when instruction as to the credibility of witness is not improper.* An instruction that "the jury are not necessarily bound to believe anything to be a fact because a witness has stated it to be so, provided the jury believe, from the evidence, that such witness is mistaken or has sworn falsely as to such fact," is proper.

*Goss Printing Press Co.* v. *Lempke*, 90 Ill. App. 427, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

D. J. & D. J. SCHUYLER, Jr., (D. J. SCHUYLER, of counsel,) for appellant.

MUNSON T. CASE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the Branch Appellate Court affirming a judgment of the superior court of Cook county recovered by appellee, against appellant, on account of a personal injury which appellee received while employed as a laborer in appellant's manufactory.

Appellant was engaged in manufacturing printing presses, and it was a part of appellee's duty to assist in moving heavy parts of these presses and in loading them in cars at the factory for transportation. The appellee, and others working with him, in loading a new press in pursuance of the order of appellant's superintendent, had, by means of a truck or "dolly" used for the purpose, moved a heavy side frame, of the weight of about a thousand pounds, along the passageway leading to the car, and placed it on one side of such passageway to be painted before loading it, and the negligence alleged in the first count of the declaration is, that the appellant, by its superintendent, directed appellee and those assisting him to leave the frame before it had been sufficiently propped to make it secure in the position it was then standing, and to go to another part of the building to bring other parts of the press and load them on the car, and that in obedience to such direction appellee left the frame, and while passing the same on his return, pushing a loaded truck toward the car, the frame, not having been securely propped, fell upon him and greatly injured him. The second count alleged that the floor of the passageway was not safe for such work, but that it was unsteady, and shook so as to cause the side frame to fall over and to strike the plaintiff. The third count was withdrawn. The fourth count alleged that the plaintiff was acting under the directions of the defendant, and that it was the duty of the defendant to adopt reasonable precautions to secure said side frame in the position in which it then was, to prevent it from falling, but that the defendant did not do so, and that the plaintiff, acting under the direction of defendant, and not knowing that said side frame had not been securely propped, hauled certain heavy machinery near said frame, when the same fell upon and injured him.

The ground chiefly relied on to reverse the judgment is the alleged error of the trial court in refusing to in-

struct the jury to find the defendant not guilty.   Counsel for appellant have argued this branch of the case at great length and have fully reviewed the evidence.   We have carefully read the evidence, and it is clear to us that while it was conflicting there was evidence before the jury fairly tending to prove the cause of action alleged in the declaration.   Its probative force was a question for the jury and the trial court, and finally for the Appellate Court.

At the instance of the plaintiff the court gave to the jury this instruction:

"The jury are not necessarily bound to believe anything to be a fact because a witness has stated it to be so, provided the jury believe, from the evidence, that such witness is mistaken or has sworn falsely as to such fact."

The point made against the instruction is, that it failed to state correctly the rule by which the jury should have been governed in determining the credit to be given to the different witnesses who testified in the case.   We do not understand from this instruction that its object was to state the well known rule on this subject at all.   The instruction could not have been of much importance in the case, for it would not be at all probable that jurors would believe any particular thing testified to by a witness as a fact to be a fact, which, from all the evidence before them, they believed was not a fact.   It was limited to a particular fact in the case, and did not extend to or bear upon the rule by which the credibility of witnesses should be determined.

Other criticisms are made on the rulings of the court respecting other instructions, which we have considered but find not to be of sufficient importance to require comment here.

Finding no error in the record the judgment will be affirmed.                                    *Judgment affirmed.*