Chicago and Eastern Illinois Railroad Company

*v.*

Mattie M. Beaver, Admx.

*Opinion filed October 52, 1902.*

1. Evidence—*due care by deceased need not be shown by direct proof.* In an action against a railroad company for causing the death of plaintiff's intestate at a crossing it is necessary to show that deceased was in the exercise of due care for his safety; but this need not be shown by direct proof, but may be shown by circumstances.

2. Same—*jury may consider instinct of self-preservation in determining question of due care.* In determining the question of due care by plaintiff's intestate, the jury may consider the natural instinct prompting to preserve life or avoid injury and consequent pain.

3. Same—*that view was obstructed may be shown on question of due care.* That willows were growing along or near the track at the crossing where plaintiff's intestate was killed may be proven as a circumstance bearing upon the question of the exercise of due care by the deceased; nor is it necessary to the admission of such proof that the existence of the willows be charged in the declaration as constituting negligence on the part of the defendant.

4. Same—*whether obstruction is on the right of way is not important.* Whether willows obstructing the view of deceased at a crossing were on the right of way or not is not important, so far as the question of due care by the deceased is concerned, since, if the view was obstructed, the jury is entitled to have knowledge of such fact, and to consider it with other facts and circumstances.

5. Same—*what sufficient proof to entitle pamphlet of ordinances to admission.* The certificate of a village clerk printed on a pamphlet of printed ordinances, certifying that such pamphlet was published by the authority of the president and board of trustees of the village, entitles the pamphlet to be received as evidence of the passage and legal publication of the ordinances of the village.

6. Damages—*when instruction as to rule of damages is proper.* If the deceased is an unmarried man, who was living with his family, consisting of his parents, brothers and sisters and two nieces, and contributing to their support, an instruction is not improper which tells the jury that in assessing damages they were not limited to the consideration of the ability of the deceased to earn wages during his minority, but they might consider the reasonable expectation of benefits to the family of the deceased from the continuation of his life, so far as shown by the evidence.

*C. & E. I. R. R. Co.* v. *Beaver,* 96 Ill. App. 558, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. F. BOOKWALTER, Judge, presiding.

H. M. STEELY, (W. H. LYFORD, of counsel,) for appellant.

C. H. BECKWITH, and GEORGE T. BUCKINGHAM, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellee administratrix, in an action on the case under the statute, on a trial before the court and jury in the circuit court of Vermilion county, recovered a judgment for $2000 as for damages occasioned to the next of kin of her intestate by reason of his death, which, as she alleged, was occasioned through the negligent acts of the servants of the appellant company. This is an appeal from a judgment of the Appellate Court for the Third District affirming that of the circuit court.

We do not think the court erred in refusing to direct a peremptory verdict in favor of the appellant company. The ground of the motion for such a verdict was, that there was a total lack of evidence to establish that the deceased exercised ordinary care for his own safety on the occasion in question.

Walter G. Beaver, appellee's intestate, while riding in a buggy drawn by one horse, a short time after midnight on the morning of the 23d day of July, 1899, attempted to cross the track of the appellant's railroad in one of the streets in the outskirts of the village of Grape Creek, in Vermilion county, when he was run upon and killed by a work train operated by employees of the appellant company. The engineer in charge of the locomotive drawing the train saw the horse which the deceased was driving, approaching the track when its head was not more than four feet from the rails, and the fireman

of the locomotive saw the horse after it had stepped up-on the track. Neither of them saw the deceased, nor, so far as the record disclosed, did any one see the deceased at the time in question. It appeared in the proof that the deceased was a young man of about the age of nine-teen years, in good health and in full possession of all of his mental faculties. His occupation was that of a coal miner. He lived with his father and mother, was indus-trious and contributed out of his wages to the assistance of his parents. He was going to his home when he was killed. He was a member of a temperance society. A witness was produced who saw him near the hall of the Good Templars' lodge, in South Danville, about eleven o'clock of the night he was killed. Another witness saw him on the same night at a school house about one-fourth of a mile from the crossing where he was killed. The testimony of these witnesses tended to show he was in a normal condition. He had for a number of years lived in the vicinity of the crossing, was familiar with the sur-roundings and knew when trains were due to pass there. The train which struck him was an extra work train, and there was no regular train due to pass the crossing at the time he was killed. There was evidence tending to show that the whistle was not blown or the bell of the locomotive sounded within one-half mile of the cross-ing, and that the view of the approaching train was obstructed by a barn, by tall weeds and willows and by a sycamore tree which stood near the track.

It was necessary to a right of recovery it should be made to appear the deceased was in the exercise of due care and caution for his own safety, but it is not in-dispensable it should be established by direct proof. It may be shown by circumstantial evidence, or, as has been sometimes said, it may be inferred by the jury from circumstances appearing in the proof. (*Illinois Central Railroad Co.* v. *Nowicki*, 148 Ill. 29, and cases there cited; *Chicago and Alton Railroad Co.* v. *Kelly*, 182 id. 267; *Dalle-*

*mand* v. *Saalfeldt,* 175 id. 310.) The natural instinct prompting to the preservation of life and the avoidance of injury, and consequent suffering and pain, may also enter into the consideration of the jury in determining the question.   (*Illinois Central Railroad Co.* v. *Nowicki, supra; Chicago and Alton Railroad Co.* v. *Kelly, supra.*) We cannot say that the facts and circumstances which we have referred to, bearing upon the question whether the deceased was in the exercise of ordinary care, were not fairly and reasonably sufficient to warrant the jury in inferring that deceased conducted himself with ordinary and reasonable prudence.

That willows were growing along or near the track of the railway was proper to be proven as a circumstance bearing upon the question of the exercise of due care on the part of the deceased.   It was not necessary to the introduction of such proof for this purpose the existence of the willows should have been charged in the declaration as constituting negligence on the part of the company.   It was unimportant, so far as the care and prudence of the deceased was concerned, whether the willows or other obstruction to the view of the train were on the right of way or not.   If the view of the approaching train was obstructed by any object it was proper the jury should have knowledge of it, and should consider it in connection with all other facts bearing upon the question of the exercise of due care by the deceased.

The certificate of the clerk of the village of Grape Creek printed on a pamphlet of printed ordinances of the village, certifying such pamphlet was published by the authority of the president and board of trustees of the village, sufficiently proved that such pamphlet was published "by the authority of the board of trustees" to entitle the pamphlet to be received as evidence of the passage and legal publication of the ordinances of the village, within the provisions of paragraph 66 of chapter 24, entitled "Cities," etc.   (1 Starr & Cur. Stat. 1896, p. 718.)

The objection preferred to a number of instructions given in behalf of the appellee, that it was error, in view of the evidence, to submit to the jury, as did the instructions, the question whether the deceased exercised due care, has been answered by what has been said with reference to the action of the court in denying the motion of the appellant company for a peremptory verdict.

Instruction No. 9 given at the instance of the appellee did not lay down an erroneous rule for the assessment of damages. The next of kin were the parents, brothers and sisters and two nieces (who lived with his parents) of the deceased. He was an unmarried man and earned $40 to $50 per month. He contributed to the support of his parents and their family. These relatives might reasonably expect to derive pecuniary benefit from the continued life of the deceased, and the instruction did no more than to advise the jury that in assessing damages they were not limited to the consideration of the ability of the deceased to earn wages during his minority, but that they might take into consideration such reasonable expectation of benefits from the continuation of the life of the deceased, so far as the same should appear from the evidence in the case. The instruction does not depart from the rule laid down by this court in *Ohio and Mississippi Railway Co.* v. *Wangelin*, 152 Ill. 138, for measuring damages in actions of this character.

We think the appellant company has no just ground to complain of the action of the court in refusing the only one of its instructions which was refused. The appellant company asked, and the court gave, twenty-seven instructions in its behalf. The one refused was a substantial duplicate of instructions Nos. 5 and 19, which were given.

The judgment of the Appellate Court must be and is affirmed.                    *Judgment affirmed.*