## Morris L. Smith, Administrator, Appellee, v. East St. Louis Railway Company, Appellant.

1. NEGLIGENCE—*when motorman guilty of.* Held, that the jury were warranted in finding that the child killed was on the track of the defendant traction company or so close to it and between the track and a pile of brick by the side of the track that it imperiled the life of the child and that the motorman ought by reasonable diligence to have observed the child and its peril and avoided the injury.

2. NEGLIGENCE—*how may be established.* The fact of negligence may be established by circumstantial evidence.

3. PRESUMPTIONS—*when not indulged.* A presumption cannot be based upon a presumption of negligence, and the existence of a certain fact cannot be reasonably inferred from the evidence if the existence of another fact, entirely inconsistent with the first, may be inferred as certainty from the evidence.

4. INSTRUCTIONS—*when upon question of negligence proper.* Held, that an instruction upon this subject as follows was proper:

"If you believe from the greater weight of the evidence that no witness or witnesses saw or observed the immediate cause of the injury to the deceased, then in determining the evidence the immediate cause of the injury to deceased, you have a right to consider all of the facts and the circumstances detailed in evidence by the witnesses in the case and you may find the immediate cause of the injury to be proven by, or from any facts or circumstances, if any, from which you may believe the immediate cause of the injury to the deceased may be rightfully and reasonably inferred."

5. INSTRUCTIONS—*when refusal of correct will not reverse.* The refusal of a correct instruction will not reverse if its contents are substantially contained in another instruction given.

Action in case for death caused by alleged wrongful act. Appeal from the City Court of East St. Louis; the HON. MORTIMER MILLARD, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed, November 11, 1911. Rehearing denied April 3, 1912.

Barthel, Farmer & Klingel, for appellant.

Webb & Webb, for appellee.

Mr. Justice McBride delivered the opinion of the court.

This is an action brought by the appellee against the appellant in the City Court of East St. Louis, Illinois. The case was tried before a jury; a verdict was obtained against the appellant for $2,000; motion for a new trial was overruled and a judgment rendered upon the verdict. The appellant brings the case to this court by appeal. The declaration charges that on about the 16th day of October, 1910, the defendant was operating a street railway on and over Louisiana Boulevard, a public street in the city of East St. Louis, and engaged in the carrying of passengers over and along said railway; that one Richard Smith, a child of the age of two years, was passing on and along said railway and street and the appellant was driving a car in the direction of and toward the said child while he was passing over and along said street; that the agents and servants of the defendant in charge of said car negligently and carelessly failed and omitted to observe the presence of said child on said railway and street, in consequence of which the said car ran up to and over said child and crushed and mangled one of its feet, from which injury the said child died, and left the plaintiff, his father, and Ada Smith, his mother, and Flossie Smith, his sister, as the only surviving heirs.

The appellant filed a plea of not guilty.

The facts in the case, as appear from the record, are that on the afternoon of October 16, 1910, Ada Smith, the mother of the child in question, had recently moved into rooms in the rear of and connected with the store of a Mr. Burke; there was a door opening from the store back into the rooms; they had dinner about a

quarter after two and the child was at home for dinner; after dinner Mrs. Smith was engaged in cleaning up the dishes and straightening up the furniture, as she had moved there on the day before, and placed the child in the store in the care of Mr. Burke. She observed the child from time to time and had not missed him until about ten minutes before she heard of his injury. It appears from the evidence that the street upon which the child was injured was closed to travel and that they were then engaged in paving the street; that brick had been hauled and piled in a row or ridge on the north side of the railroad track in said street; that the ridge of brick was from three to four feet high, and the brick came within from six to eighteen inches of the railroad track, as some of the witnesses expressed it, the steps of the car just cleared the brick. At some time between three and four o'clock one of defendant's cars in charge of Reaves as motorman was going west on said street, and he observed this little boy playing upon the track and frightened him off; the car that followed this one, in about twelve minutes, was operated by motorman Murray; another car was being operated by motorman Allman and going east; this car stopped and picked up the boy after the car operated by Murray had gone west. After motorman Murray with his car going west had passed the point where the child was found, he was met by witness Gruentzemacher, and this witness says that after this car passed him, "I went east a little farther and saw the child lying close to the track." The child when found was lying very close to the rail with all of its smaller toes mashed off and hanging to the foot by the skin of the lower portion of the foot; the big toe was still intact, was bruised, and the end of one of the fingers of the left hand was mashed, and bruises and cuts were all over the body but no other bones were broken. The toes were amputated but the child died on about the

27th of October from the injuries inflicted. A shoe was found upon the foot of the child, apparently worn upon the left foot; there was a cut extending diagonally across the toe of the shoe, and the sole of the shoe on the left side was pressed away from the upper in two places; on the bottom of the shoe was a mark about two inches wide, and the right side of the shoe, from the front back to the heel, was torn or bursted out. No one saw the accident, and no one appears to have seen the child after it was passed by motorman Reaves until after motorman Murray had passed the same point and the child was found by witness Gruentzemacher.

It is contended by counsel for appellant that the conclusion that the child was killed by the negligence of appellant is but an assumption and a speculation, and that the child was not on the track, and cites the testimony of motorman Murray and the conductor and also that of Edward Gruentzemacher. It is true that the testimony of Murray and Gruentzemacher is to the effect that the child was not on the track but Murray does not state that he was observing the street and track at the time, and the other witness was more particularly watching the car; however, the physical fact is, that the child was badly injured and this fact so confronts counsel for appellant, that they attempt an explanation of the occurrence that would place the injury of the child upon some other party than the defendant and say that it may have been injured by an automobile or wagon that were shown, by some of the witnesses, to have been in the neighborhood, but it nowhere appears that the automobile was close to the child, and the wagon referred to was shown to have been on the other side of this ridge of brick from the child. We are satisfied that the jury was warranted in finding that the child was on the track, or so close to it and between the track and the brick piled up by the side of the track that it imperiled the life of the child, and was dangerous, and

that the motorman ought by reasonable diligence to have observed the child and its peril and avoided the injury. We do not think it material under the allegations of this declaration whether the child was directly on the track in front of the car or so close to the track and hedged in by the pile of brick, that when the car ran up, the child may have become frightened and in attempting to escape placed its foot under the wheel of the car. Had the street on the north side been open north of the track, and the brick had not been piled up to within about twelve inches of the track, then if the child was not on the track but beside it, it might not have been negligence in the motorman to have failed to have observed the child and avoided the injury. The motorman does not say in his testimony that he was on the lookout or that he observed carefully, only that he did not see the child on the track, and that the child was not on the track. The theory of appellant was, that the car could not have passed over the child's foot in the manner claimed by appellee for the reason that it would have crushed the foot of the child above the impression claimed to have been made by the track on the bottom of the shoe. On an examination of the shoe and the facts in the case we find that the opposite side of the shoe was torn along its side from the toe back to the heel, and that in all probability the foot was relieved from the crush by the pushing out when the car pressed against the foot; at least this may have been so.

The theory and contention of appellant that the injury may have been caused by an automobile or wagon that were seen in this vicinity near that time we cannot accept, for if the foot had been run over by either it would not have left the impression of the rail on the bottom of the shoe or cut the toe of the shoe in the manner shown by the evidence.

We agree with counsel for appellant in their contention as to the rule of law, that presumption cannot be

based upon a presumption of negligence, or that the existence of a certain fact cannot be reasonably inferred from the evidence, if the existence of another fact entirely inconsistent with the first may be inferred as certainty from the same evidence, but in this case the jury were fully warranted in finding from the evidence that the child was injured by the defendant's car, and that fact being found we cannot say that under the state of the evidence here that the jury was not warranted in finding that it was due to the negligence of the defendant's servants.    This negligence may be shown by circumstantial evidence, "or as has been some times said, it may be inferred by the jury from circumstances appearing in proof."    U. S. Brewing Co. v. Stoltenberg, 211 Ill. p. 531.   It is also a well recognized rule in this state, "That when the facts are established from which presumption may be legitimately drawn, it is the province of the jury to deduce the presumption or inference of fact."   Sontag v. O'Hare, 73 Ill. App. 432; Peoria & P. U. Ry. Co. v. Clayberg, Adm'r, 107 Ill. 644; U. S. Brewing Co. v. Stoltenberg, 211 Ill. 531.

It is again insisted that the court erred in giving to the jury the following instruction:

"If you believe from the greater weight of the evidence that no witness or witnesses saw or observed the immediate cause of the injury to deceased then in determining the evidence the immediate cause of the injury to deceased you have a right to consider all of the facts and circumstances detailed in evidence by the witnesses in the case; and you may find the immediate cause of the injury to be proven by or from any facts or circumstances, if any, from which you may believe the immediate cause of the injury to the deceased may be rightfully and reasonably inferred."

We do not think the criticism upon this instruction and the second instruction of the same character, is well taken; whether the accident was caused by appellant and the manner in which the accident happened,

are all matters left to the jury to be determined from the facts and circumstances, and we think these instructions are sustained by the case of The North Chicago Street R. R. Co. v. Rodert, 203 Ill. 413, and were proper.

As to the instruction of appellant that was refused, we do not believe that the objection to the refusal of it can be sustained, for the reason that the proposition contained in this instruction was included in the instruction given by the court upon behalf of appellant. It is said this instruction should have been given because it directed the attention of the jury to the particular negligence charged in the declaration, and no other instruction did this. It will be observed that the instruction merely advised the jury that he must prove the particular negligence he has alleged in his declaration, and another instruction given on behalf of appellant contains the proposition, "If you further believe from the evidence that the plaintiff has not proven by a preponderance of the evidence that he was injured by the negligence of the defendant as charged in the declaration, then the plaintiff cannot recover and your verdict must be for the defendant." We do not see but what the proposition contended for in the refused instruction is included in the instruction as given. It is true that in the refused instruction the words "particular negligence he has alleged in the declaration" are used but we do not believe there can be any difference between that, at least in substance, and saying, "the negligence of the defendant as charged in the declaration;" they both refer to the charge in the declaration.

We are unable to say that the court erred in the giving and refusing of the instructions complained of.

We have carefully considered the evidence in this case, and it being in its character, especially many features of it, proven or disproven by circumstantial evidence, we think, the circumstances would warrant the

jury in finding that the deceased was injured by the defendant's car and as a result of the negligence of its servants. The evidence was of that character that it was purely a question for the jury to determine and we cannot say but what the verdict is sustained by the evidence, and the judgment of the court should be affirmed.

*Judgment affirmed.*