Joseph Plodzien, Minor, by Thomas Plodzien, His Father and Next Friend, Appellant, v. Leona M. Segool and Baird and Warner, Appellees.

Gen. No. 41,834.

Heard in the first division of this court for the first district at the October term, 1941. Opinion filed March 23, 1942.

THADDEUS C. TOUDOR and IRVING L. LANSING, both of Chicago, for appellant.

GEORGE C. BLISS, of Chicago, for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Joseph Plodzien, a minor by his next friend, brought an action against defendants to recover damages for personal injuries claimed to have been sustained by him through defendants' negligence. At the close of plaintiff's case there was a directed verdict for defendants and plaintiff appeals.

The record discloses that about 4 o'clock in the afternoon of July 31, 1936, plaintiff, a boy about 14 years of age, and three companions, left the rear of plaintiff's home (where he lived with his parents, on Richmond street, a north and south street 4 or 5 doors north of Walton street, an east and west street) and walked south in the alley in the rear of his home on their way to a nearby park. Plaintiff was a few steps ahead of his companions and as he passed in the rear of a building located on the west side of the alley, a piano plate which was resting on rollers and leaning against the fence in the rear of that property, rolled or

fell on his foot injuring him. The piano plate was four feet by six feet and weighed about 400 pounds. Plaintiff charged that defendant Leona M. Segool owned, and defendant, Baird & Warner, a corporation, managed the property at the rear of which the plate was leaning against the fence and that as a result of defendants' negligence plaintiff was injured.

There was some evidence to sustain these contentions and further evidence that, a few days before the accident, John Bunyan, the janitor of the building in question, had been seen placing the piano plate in the rear of the premises where it was when it fell or rolled on plaintiff's foot.

Counsel for defendants contends it was alleged in the complaint Leona M. Segool was the owner of the premises and defendant, Baird & Warner, a corporation, was engaged in the business of property management and was supervising and controlling the premises, acting as agent for Leona M. Segool. They say that ''Nowhere in the record is there any evidence that proves or tends to prove the material allegations in the complaint above referred to, which allegations were denied by the defendants in their answer.'' The contention is that in these circumstances the verdict in defendants' favor was properly directed.

Where a motion is made at the close of plaintiff's case to direct a verdict for defendants, if there is no evidence, or but a scintilla of evidence tending to prove the material allegations of the complaint, the motion should be allowed and a verdict directed but if there is any evidence viewed most strongly in plaintiff's favor which tends to prove the material allegations of the complaint, the motion must be denied. *Libby, McNeill & Libby v. Cook*, 222 Ill. 206. It is also the law that where, in such a situation, uncertainty arises as to the inferences that may legitimately be drawn from the evidence so that fairminded men may honestly draw different conclusions,

the question is not one of law but one of fact to be settled by the jury. *Denny v. Goldblatt,* 298 Ill. App. 325; *Chicago & N. W. Ry. Co. v. Hansen,* 166 Ill. 623; *Moore v. Rosenmond,* 238 N. Y. 356; *Kavale v. Morton Salt Co.,* 242 Ill. App. 205; *Norris v. Illinois Cent. R. Co.,* 88 Ill. App. 614; *Richmond & Danville R. Co. v. Powers,* 149 U. S. 43; *Gunning v. Cooley,* 281 U. S. 90; *Best v. District of Columbia,* 291 U. S. 411. And as stated by the Supreme Court of the United States in *Union Pac. R. Co. v. Huxoll,* 245 U. S. 535, in a negligence case demonstration is not required.

In the instant case plaintiff alleged that defendant, Leona M. Segool, was the owner of the building which was being managed for her by defendant, Baird & Warner, a corporation, acting as her agent. Defendants June 6, 1938, filed their answer admitting these allegations. Afterward, October 25, 1939, defendants by leave of court, filed an amended answer in which they denied these allegations. On the trial plaintiff offered in evidence defendants' original answer. We think this answer was properly admitted. *Bennett v. Auditorium Bldg. Corp.,* 299 Ill. App. 139; *People ex rel. Nelson v. Central Mfg. District Bank,* 306 Ill. App. 15.

We think there is some evidence tending to support the material allegations of the complaint and the court erred in directing a verdict. Counsel for defendants further says that ''The law is that a presumption can not be based upon a presumption.'' Although stated in many cases this is not the law. There never was such orthodox rule. Vol. 1, Wigmore on Evidence 3d Ed. § 41; *Burns v. Prudential Ins. Co. of America,* 283 Ill. App. 442; *Sturm v. Employers' Liability Assur. Corp.,* 212 Ill. App. 354; *Paoli v. Loyal Protection Ins. Co.,* 289 Ill. App. 87; *Welsch v. Charles Frusch Light & Power Co.,* 197 Iowa 1012; *Devine v. Delano,* 272 Ill. 166; *Denny v. Goldblatt Bros., Inc.,* 298 Ill. App. 325; Vol. 1, Jones on Evidence

2d Ed. § 364; *Chesapeake & O. Ry. Co. v. Ware* (Va.), 95 S. E. 183.

Professor Wigmore, for many years Dean of the Northwestern University School of Law, now Dean Emeritus of the same school, in his excellent work on evidence in § 41, of the 3d Ed. says: "Sec. 41. *Circumstantial Evidence may be proved by the same Kind.* It was once suggested that an 'inference upon an inference' will not be permitted, *i. e.* that a fact desired to be used circumstantially must itself be established by testimonial evidence; and this suggestion has been repeated by several Courts, and sometimes actually enforced.

"There is no such orthodox rule; nor can be. If there were, hardly a single trial could be adequately prosecuted. For example, on a charge of murder, the defendant's gun is found discharged; from this we infer that he discharged it; and from this we infer that it was his bullet which struck and killed the deceased. Or, the defendant is shown to have been sharpening a knife; from this we argue that he had a design to use it upon the deceased; and from this we argue that the fatal stab was the result of this design. In these and innumerable daily instances we build up inference upon inference, and yet no Court (until in very modern times) ever thought of forbidding it. All departments of reasoning, all scientific work, every day's life and every day's trials, proceed upon such data. The judicial utterances that sanction the fallacious and impracticable limitation, originally put forward without authority, must be taken as valid only for the particular evidentiary facts therein ruled upon.

"The fallacy has been frequently repudiated in judicial opinions:" and the author cites many authorities in support of what he says.

Mr. Justice TAYLOR, in delivering the opinion of the court in the *Sturm* case, [212 Ill. App. 354] said

(p. 363): "If any one or more of those inferences is doubtful, the ultimate is doubtful. Of course, an inference from an inference, and then a third and fourth may, under certain circumstances, be admissible (*Ohio Building Safety Vault Co. v. Industrial Board,* 277 Ill. 96 [14 N. C. C. A. 224], but the more remote the inference the more enfeebled its probative force.''

In holding that an inference may be based upon an inference, the Supreme Court of Iowa in the Welsch case [197 Iowa 1012] said, (p. 1021): "Possibly, however, it is as pertinent here as anywhere to refer to appellees' frequent appeal to the so-called rule which forbids 'building inference upon inference.' The phrase so quoted is one of the many sayings having a legitimate use in some phases of legal discussion, but not rising to the dignity of a universal rule of evidence, and often mistakenly applied or cited in support of an effort to exclude or neutralize competent circumstantial evidence. In proving or disproving any alleged fact by circumstantial evidence, inference is often legitimately drawn from facts established by other inferences. Indeed, if we exclude *all* inferences which depend in *any* degree upon other inferences from established or admitted fact, very little human testimony would ever reach the ear of court or jury. . . .

"Ordinarily, proof of a material fact is not accomplished by inference from any one isolated incident or circumstance, but by the combination or aggregation of many related circumstances, each lending more or less support to the other and to the conclusion sought to be established. If some of these contributing circumstances are themselves shown only as matters of inference from other circumstances, it may justify the triers of fact in considering it as diminishing the weight or value of the conclusion or final inference, if it may be so called, but does not render it inadmissible."

If there is a retrial of the case we have pointed out how the facts can be ascertained before trial in *Aarseth v. Stein*, 278 Ill. App. 16.

The judgment of the Circuit court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*

McSurely, P. J., and Matchett, J., concur.