**CARTER**

v.

**JOHN HENNES TRUCKING CO.**

No. 10874.

United States Court of Appeals,
Seventh Circuit.

Jan. 4, 1954.

Rehearing Denied March 1, 1954.

Joseph H. Hinshaw, Oswell G. Treadway, Chicago, Ill., for appellant.

David M. Burrell, Ramer B. Holtan, Freeport, Ill., Robert P. Sullivan, Chicago, Ill., Burrell & Holtan, Freeport, Ill., for appellee.

Before MAJOR, Chief Judge, FINNEGAN, Circuit Judge, and PLATT, District Judge.

PLATT, District Judge.

Plaintiff, Jay Wallace Carter, brought an action to recover damages for personal injuries sustained as a result of an occurrence on February 4, 1952, alleged to have been proximately caused by negligence of the defendant in leaving a block of wood in a place of danger on a punch press. The jury returned a verdict for the plaintiff on which the court entered judgment. The defendant presented a motion for judgment notwithstanding the verdict. The district court denied this motion and from this ruling the defendant, John Hennes Trucking Company, appeals.

The questions presented are: (1) was there any evidence in the record upon which the jury could have found that the plaintiff was in the exercise of ordinary care; (2) was the defendant negligent; and (3) was such negligence, if any, the proximate cause of the plaintiff's injuries. In determining these questions the evidence must be viewed in the light most favorable to the plaintiff to sustain his recovery. Eckenrode v. Pennsylvania R. Co., 335 U.S. 329, 69 S.Ct. 91, 93 L.Ed. 41; Nattens v. Grolier Society, 7 Cir., 195 F.2d 449, 450. To this end the plaintiff is entitled to the full effect of every inference from the evidence presented which reasonably minded men might deduce. A mere scintilla of evidence is not sufficient to sustain the verdict. It must be of substantial and relative consequence and carry the quality of proof to induce conviction and make an impression on reason. Commercial Casualty Ins. Co. v. Stinson, 6 Cir., 111 F.2d 63, certiorari denied, 311 U.S. 667, 61 S.Ct. 25, 85 L. Ed. 428.

The facts taken in their best light for the plaintiff disclose that the plaintiff was employed by Warner Electric Brake & Clutch Company as a punch press operator. On Monday, February 4, 1952, he reported for work about 6:50 a. m. in excellent health. He had worked at the machine the previous Friday. He went to press No. 2 to which he was assigned and greased it. The grease zerts were two or three feet above the floor. He saw no 4 x 4 board on the face of the machine, and there was no 4 x 4 at his feet. This was corroborated by two other witnesses. He faced the front of the press, reached up, and pushed the two starting switch buttons which were located a little over his head. An average sized man would have to reach over his head to push these buttons. The press started and that was all that the plaintiff remembered. In a row on the west side of the shop were three punch presses for the forming and shaping of steel. Press No. 2 was the middle press. They were large presses 15 or 16 feet high and set about 10 to 20 feet apart. Two large bull wheels

revolving toward the front operated these machines. The bottom of the bull wheels was about 9 feet and the top was about 15 feet above the floor. The defendant trucking company had been called in to dismantle and repair press No. 4 which was to the right and north of press No. 2. The defendant started its repair work on the preceding Saturday morning. It was necessary in repairing press No. 4 to lift off the crown which weighed 3½ tons. A steel cable ⅞ inch in diameter was attached by the defendant to a beam of the building north of press No. 4, and ran directly over press No. 4 to another roof beam south of press No. 4, and down at an angle touching press No. 2. Press No. 2 could not be operated while the cable was in place. There was evidence that this cable ran through or over the bull wheel of press No. 2. One witness testified that this cable went over the front of the press fairly high. A chain hoist was attached to the cable between the two parallel roof beams at a point directly over press No. 4 in order to lift the crown from this press. As the steel cable was tightened, a 4 x 4 about two or three feet long was placed as a softener between the cable and press No. 2. This 4 x 4 was picked up at random in the plant by the defendant's employee and placed by him in its position. The defendant's employees finished repairing press No. 4 late Saturday night, or early Sunday morning, and removed the cable and the hoist. The part of the plant where the defendant had been working was deserted at the time. The plant was not in operation on Sunday. There was no proof in the record that anyone was near the machine until the following morning when the plaintiff was injured. Immediately after the plaintiff started press No. 2 a fellow employee working in this part of the plant heard something which sounded like a block of wood hit the floor. Instantly with this noise the witness turned around and saw the plaintiff with his hands on his head looking up toward the top of the machine. He went to the plaintiff and saw a bruise on his head. Immediately after the occurrence a 4 x 4, 32 inches long, weighing 16 pounds was found back of where the plaintiff was standing and in close proximity to him. It had a cable mark angling across one face of it. The plaintiff attempted to work but was taken to the nurse and later was taken to the hospital where he was attended by a physician. He suffered injuries to his neck, shoulder, and arm. There were no eye witnesses to the accident.

The defendant insists that there is no evidence in the record that the plaintiff was in the exercise of due care, or of negligence on the part of the defendant which was the proximate cause of plaintiff's injuries. These ultimate facts can neither be supported by mere speculation or conjecture, nor can they be inferred by the mere fact that an accident occurred which resulted in an injury to a person. Rotche v. Buick Motor Co., 358 Ill. 507, 516, 193 N.E. 529; Huff v. Illinois Central R. Co., 362 Ill. 95, 101, 199 N.E. 116; Coulson v. Discerns, 329 Ill.App. 28, 31, 66 N.E.2d 728. However, due care,[1] negligence,[2] and proximate cause [3] may be established by circumstantial evidence. In Ohio Bldg. Safety Vault Co. v. Industrial Board, 277 Ill. 96, at pages 102 and 103, 115 N.E. 149, at page 151, the court discussing the inferences that can be logically drawn from the circumstances in the evidence expressed itself as follows:

"It cannot be said that the existence of a certain fact may reasonably be inferred from the evidence

---

1. United States Brewing Co. v. Stoltenberg, 211 Ill. 531, 535–536, 71 N.E. 1081; Chicago & E. I. R. Co. v. Beaver, 199 Ill. 34, 36, 65 N.E. 144.

2. Chicago, B. & Q. R. Co. v. Gregory, 58 Ill. 272, 280; Smith v. East St. Louis Ry. Co., 169 Ill.App. 132, 137–139.

3. Lindroth v. Walgreen Co., 407 Ill. 121, 131–135, 94 N.E.2d 847; Smith v. East St. Louis Ry. Co., 169 Ill.App. 132, 137–139.

when the existence of another fact inconsistent with the first can be from the same evidence inferred with equal certainty. A theory cannot be said to be established by circumstantial evidence unless the facts relied on are of such a nature and are so related to each other that it is the only conclusion that can reasonably be drawn from them. (Citing cases.) But the proof of such facts may be made by circumstantial as well as by direct evidence. A greater or less probability leading, on the whole, to a satisfactory conclusion, is all that can reasonably be required to establish controverted facts." (Citing cases.) [4]

The court further stated 277 Ill. at page 110, 115 N.E. at page 154:

"Where there is no eyewitness the fact at issue may be proved by circumstantial evidence. Such evidence consists of proof of certain facts and circumstances from which the court may infer other connected facts which usually and reasonably follow according to the common experience of mankind."

■ The plaintiff's theory of recovery as stated by the defendant is that the defendant, in the course of dismantling and repairing press No. 4, carelessly and negligently placed and left a certain wooden block in an unspecified place on press No. 2 in such a manner that when the plaintiff, in the exercise of ordinary care, began operating the press, the block of wood fell upon him causing his injuries. Bearing in mind the foregoing principles of law we must examine the necessary elements of the plaintiff's case.

The jury had a firm basis to conclude that the plaintiff was in the exercise of due care at and immediately before the occurrence. He acted as an ordinarily prudent punch press operator would have in starting his machine. He stood in front of his press, reached up, and pushed the starting buttons. The machine started. Although no one saw him at the instant of the injury, he was seen immediately afterwards holding his head in his hands and looking up. It is unreasonable to assume or conjecture that the plaintiff through his own fault fell against the press, incurring his injuries. Under these circumstances the probability was that the plaintiff exercised ordinary care, and the evidence was satisfactory for the jury so to conclude.

We are next confronted with the question as to whether there is any evidence that the defendant through its employees was negligent in causing and allowing a wooden block which was used in its repair work to remain in a place of danger on press No. 2. It is undisputed that the defendant used a 4 x 4, 2 to 3 feet long, between the cable and press No. 2. The cable was against press No. 2, and although the defendant's evidence was that the block of wood was used over the buttons of the press, there is evidence from which the jury could reasonably believe that the cable ran through or over one of the bull wheels. Moreover, there is direct evidence that the cable did not run over the operating buttons. The bottom of the bull wheel was 9 feet and the top 15 feet above the floor. There can be no doubt that the cable pressed the block of wood with great force against press No. 2 when the steel cable tightened, with a chain hoist attached to it, lifting the crown of press No. 4 which weighed 3½ tons. The cable must have made its impression on one face of the block of wood, and it is reasonable to conclude that the block remained in or on the press. There is no evidence that any of the defendant's servants actually removed the block of wood when the cable was released and taken down. One witness for the defendant testified that he saw a 4 x 4 drop to the floor, but the jury were neither required to believe this witness, nor to believe that the piece of wood was over the control buttons, with

4. Also see Hunter Packing Co. v. Industrial Comm., 1 Ill.2d 99, 105–106, 115 N.E.2d 236.

the bottom of the block 3 to 4 feet above the floor, as he testified.[5] The circumstances were sufficient to draw the reasonable inference that the block of wood was left in a place of danger and probably against or in the bull wheel.[6] There is no reasonable theory inconsistent with this which is of equal certainty when the evidence is taken in its best light for the plaintiff. We have direct evidence that the block of wood was placed between the steel cable and the press by the defendant's employee, and that the cable passed over or through the bull wheel. The block was used as a softener between the press and the cable. The press could not be operated because of the location of the cable. Furthermore, there is no evidence that anyone was on or about press No. 2 between the time the defendants' servants left the Warner plant and the time the plaintiff started the press. There is affirmative evidence that this part of the plant was deserted. It was within the province of the jury to conclude that the defendant negligently placed and permitted the block of wood to remain in a position of danger.[7]

Finally the question is presented: was there any evidence that the negligence of the defendant was the proximate cause of the plaintiff's injuries. There was no 4 x 4 on the floor in the vicinity where the plaintiff stood when he started the machine. Immediately on the starting of the press a noise was heard that sounded like a block of wood

hitting the floor. This block of wood weighing 16 pounds had a steel cable mark diagonally across one face of it. It was found back of and near where the plaintiff was standing holding his head looking up toward the top of the machine. This block conformed in size with the block of wood admittedly used by the defendant as a softener. It is hardly necessary to mention that the law of gravity would have caused the block of wood to fall down when the press started, and the bull wheels revolved forward, dislodging it. The fall of a block of wood weighing 16 pounds from any height above a man's head could cause injury. The plaintiff had a bruise on his head which must have resulted from being struck with the block of wood, since he was in good health before the accident. There is no evidence in the record from which any reasonable inference could be drawn that the block of wood was thrown against the plaintiff by a third person, or that he fell against the press. The proof of the facts and circumstances would reasonably convince the jury according to the common experience of mankind that the fall of the block of wood, negligently placed and left in a dangerous position upon the press, proximately caused the plaintiff's injuries.

In conclusion we find that the jury's verdict for the plaintiff was based upon direct evidence and the most reasonable inferences from all of the facts and circumstances in evidence.[8] None of the

---

5. The jury are not bound to believe anything to be a fact simply because a witness has stated it so to be, provided the jury believe that the witness was mistaken or testified falsely. People v. Matter, 371 Ill. 333, 339, 20 N.E.2d 600; Goss Printing Press Co. v. Lempke, 191 Ill. 199, 60 N.E. 968.

6. We are aware that the court withdrew the allegation of the complaint that the defendant negligently caused and allowed a block of wood to remain on the top of the press.

7. "[W]hen the facts are established from which presumption may be legitimately drawn, it is the province of the jury to

deduce the presumption or inference of fact." Smith v. East St. Louis Ry. Co., 169 Ill.App. 132, at page 137; Plodzien v. Segool, 314 Ill.App. 40, 42–43, 40 N.E.2d 783; Lindroth v. Walgreen Co., 338 Ill.App. 364, 377, 87 N.E.2d 307, affirmed 407 Ill. 121, 94 N.E.2d 847.

8. In Lavender v. Kurn, 327 U.S. 645, 653, 66 S.Ct. 740, 744, 90 L.Ed. 916, the Supreme Court stated: "It is no answer to say that the jury's verdict involved speculation and conjecture. Whenever facts are in dispute or the evidence is such that fair-minded men may draw different inferences, a measure of speculation and conjecture is required on the part of those whose duty it is to settle

cases cited by the defendant justify analysis, since they are not factually in point. The district court properly denied the defendant's motion for judgment notwithstanding the verdict, and therefore the judgment is

Affirmed.

the dispute by choosing what seems to them to be the most reasonable inference. Only when there is a complete absence of probative facts to support the conclusion reached does a reversible error appear. But where * * * there is an evidentiary basis for the jury's verdict, the jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion. And the appellate court's function is exhausted when the evidentiary basis becomes apparent, it being immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable." Also see Lindroth v. Walgreen Co., 407 Ill. 121, 132–133, 94 N.E.2d 847; Plodzien v. Segool, 314 Ill.App. 40, 42–43, 40 N.E.2d 783.