Arvid J. Aarseth, Administrator of the Estate of Carl
Aarseth, Deceased, Respondent, v. A. L. Stein
et al., Defendants. A. L. Stein, Petitioner.

Gen. No. 37,740.

Opinion filed December 12, 1934.

MILLER, GORHAM, WALES & ADAMS, of Chicago, for
appellant; HERBERT C. DEYOUNG and CHARLES F.
WHITE, both of Chicago, of counsel.

HELMER C. PATTERSON and HERMAN WALDMAN, both
of Chicago, for respondent; MAURICE WASHER, of Chi-
cago, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Plaintiff brought suit against the defendants, A. L. Stein, Arthur D. Lewis, Louise and Thomas H. Loach, doing business as Dependable Garage, Willard Huron, Charles Formato and Joseph Savaglio, to recover damages on account of the wrongful death of Carl Aarseth, which plaintiff claimed resulted from the negligence of the defendants. It is said that the defendant Willard Huron was not served and the suit was dismissed as to him. At the close of plaintiff's case the court directed a verdict as to the defendants A. L. Stein, Thomas H. Loach, Louise Loach, Charles Formato and Joseph Savaglio, and at the close of all the evidence the jury found the above named defendants not guilty as directed, and by its verdict the jury found the defendant Arthur D. Lewis guilty and assessed the plaintiff's damages at $3,500. Afterward the defendant Lewis made a motion for a new trial and plaintiff also made a motion for a new trial. The court sustained Lewis' motion and awarded him a new trial, and sustained plaintiff's motion and awarded him a new trial except as to Charles Formato and Joseph Savaglio. As to these two defendants judgment was entered on the directed verdict. The defendant Stein applied to this court for leave to appeal from the order allowing plaintiff's motion for a new trial as to him. We granted this leave and the case is before us on the printed briefs of both parties.

Since we have decided that the court was warranted in allowing a new trial to Stein, which is the only question before us, we refrain from discussing the facts in the case except as it is necessary in stating the reasons for our decision.

The record discloses that about 11 o'clock at night on May 28, 1932, the deceased, Carl Aarseth, a man not quite 20 years of age, was standing at the southeast corner of the intersection of Central avenue and

Jackson boulevard, Chicago. Jackson boulevard extends east and west and Central avenue north and south. Defendants Charles Formato and Joseph Savaglio, with other persons, were riding east in a Studebaker automobile in Jackson boulevard, just west of Central avenue. A Buick automobile claimed to have been owned or operated by the defendants, or some of them, viz., Stein, Lewis or the Loaches, was being driven south in Central avenue. The Loaches operated a garage in which the Buick car was kept. The two cars collided at the intersection and the Buick was thrown over to the southeast corner of the intersection up against a building, striking Carl Aarseth and injuring him, as a result of which he died. It is to recover for his death under the Injuries Act that the present suit was brought.

The defendant Stein filed a plea of not guilty and another plea denying ownership and operation of the Buick car at the time of the collision. There is evidence tending to show that the defendants Thomas H. Loach and Louise Loach conducted a garage known as the Dependable Garage, and the defendant Willard Huron was employed by them in the garage; that the Buick car was being kept in the garage by the defendant Stein and at times when Stein would drive the car to the garage, Huron would drive Stein to his home and return the car to the garage. The defendant Thomas H. Loach, called by plaintiff under section 60 of the Civil Practice Act, Cahill's St. ch. 110, ¶ 188, testified that on May 28, 1932, Stein came to the garage and was taken home in the Buick car, Huron driving the automobile. It is not clear whether the accident occurred while Stein was being driven to his home or while Huron was returning to the garage with the automobile. Some time after the accident, but not on the night of the accident, he talked to defendant Stein about the accident. "Mr. Stein wanted to know who was going to take care of the damage on his car."

Whether Huron at the time he was driving the Buick car was acting for the owners of the garage or for Stein is uncertain.

Upon a consideration of all the evidence in the record we think the court ought not to have directed a verdict in favor of the defendant Stein, and that afterward when he discovered the error was warranted in awarding plaintiff a new trial. While the evidence in the record is far from satisfactory, we think the action of the court in awarding the new trial was warranted. There is no contention that Carl Aarseth was in any way negligent; nor is there any suggestion that his death was not ·caused through the negligence of defendants or some of them. Aarseth was standing a considerable distance from the curb at the southeast corner of the street intersection, and through the negligent operation of one or both of the automobiles a collision occurred, the Buick car struck and killed Aarseth and ran into a building on the corner. Obviously, in this situation plaintiff has a right to recover from some one. Sec. 58 of the Civil Practice Act, Cahill's St. ch. 110, ¶ 186, and other provisions of that act, and the rules of the Supreme Court furnish ample machinery for discovering before trial who was to blame.

In *Ladd v. Cochran & McCluer Co.*, 274 Ill. App. 427, in a specially concurring opinion it was said: "It is to be hoped that hereafter most, if not all, of the facts will be adduced before the actual trial begins, pursuant to section 58, and other sections of the new Practice Act in connection with Rules 17, 18 and 19, adopted by our Supreme Court, so that there will be fewer appeals and reversals for failure to bring out the facts."

The order of the circuit court of Cook county awarding a new trial to the plaintiff as to the defendant Stein is affirmed.

*Order affirmed.*

McSurely and Matchett, JJ., concur.