Norman Joseph Popadowski, Minor, by Joseph Walter Popadowski, His Father and Next Friend, Appellee, v. Rene Bergaman et al., Trading as Orchid Flower Shop, Appellants.

Gen. No. 40,813.

Heard in the first division of this court for the first district at the October term, 1939. Opinion filed April 8, 1940.

DELMAR J. HILL, CEDRIC C. HERRMANN and CYRUS L. GARNETT, all of Chicago, for appellants.

ALFRED ROY HULBERT and LEO WAXMAN, both of Chicago, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against defendants to recover damages for personal injuries claimed to have been sustained by reason of the negligence of defendants in driving an automobile which struck and injured plaintiff. There was a jury trial, a verdict and judgment in plaintiff's favor for $3,500. Defendants appeal.

The record discloses that plaintiff, a child a little more than seven years old, was lying on his stomach on a sled which was being pushed by his uncle, a boy thirteen years old, east in the alley a short distance north of North avenue, when one of defendants' trucks, driven south in Hermitage avenue, collided with the sled, as a result of which plaintiff was severely injured. The accident occurred between 4:00 and 4:30 o'clock in the afternoon of January 26, 1937. It was daylight but somewhat dusky or dim. The pavements and alleys were "icy, wet and slippery." The roadway of Hermitage avenue, a north and south street, was 38 feet wide. Wabansia avenue, an east and west street, is one block north of North avenue, and 337 feet north of the alley in question. The alley is 16 feet wide and intersects Hermitage avenue 124 feet north of North avenue. Both sides of the street are built up with residences and apartment buildings except immediately south of Wabansia avenue and east of Hermitage, where a convent and school are located. A short distance north of Wabansia avenue was a "school zone" sign.

On the day in question, the school closed at 3:30 o'clock in the afternoon and at the time of the accident

a number of boys, estimated at from 10 to 25, were playing hockey in the street. Some witnesses testified the game was being played at from 100 to 150 feet north of the alley where the accident occurred, while the testimony of others is to the effect that it was from 167 to 237 feet north of the alley. Rene Bergaman, a licensed chauffeur, was driving the truck. His helper, William Lisante, 36 years old, was in the seat beside him.

As is usual in such cases, the testimony of the witnesses as to the speed of the truck varied. Some of the witnesses for plaintiff said 25 to 30 miles an hour, while the chauffeur testified that they were driving at from 14 to 16 miles and his assistant 10 to 15 miles. The evidence is also variant as to the point of contact between the sled and the truck—some testified on behalf of plaintiff to the effect that the sled struck the right front wheel of the truck, while evidence on behalf of defendants is that the sled struck the right hind wheel. Plaintiff was severely injured and no complaint is made that the verdict is excessive.

Defendants contend that ''The court erred in not directing a verdict for defendants at the close of plaintiff's case,'' and the argument is that this court should consider only the evidence of plaintiff in passing on this question. The difficulty with counsels' contention is that the motion was waived when they put in evidence on behalf of defendants. Where a defendant makes a motion at the close of plaintiff's case for a directed verdict, if he desires to save his point, he must introduce no evidence. But if he puts in his evidence and desires a directed verdict, he must make a *second* motion for a directed verdict. The court in passing on the second motion, must do so in view of all the evidence. (*Cook v. Aevermann*, 244 Ill. App. 644 (Abst.); *Joliet A. & N. Ry. Co. v. Velie*, 140 Ill. 59; *Fowler v. Chicago & W. I. R. Co.*, 182 Ill. App. 123.) Some opinions inaccurately state the law to be that where a de-

fendant moves for a directed verdict at the close of plaintiff's case and the motion is overruled and defendant then introduces his evidence, he must "renew" his motion at the close of all the evidence. In such case the motion made at the close of plaintiff's case cannot be renewed. It is out of the case for all time and, as stated, if defendant desires to have the court of review pass on the question whether plaintiff has made out a *prima facie* case, at the close of all the evidence, he must make a second motion based on all the evidence.

Defendants further contend that the court erred in admitting evidence over objection—that the court permitted witnesses to testify that defendants' truck, as it was being driven south in Hermitage avenue, when it passed the boys in the street who were playing hockey nearly struck one of them. We think there is no merit in this contention. As above stated, the boys were playing in the street a short distance north of the place of the accident. A number of these boys testified as to the speed at which the truck was traveling at the time; that there was no horn sounded and that one of the boys had to jump out of the way to prevent being struck. The chauffeur, who was driving defendants' truck and his assistant both testified they saw no boys in the street. The evidence was clearly admissible as tending to show how the truck was being driven and it was for the jury to decide, in view of all the evidence, whether defendants were guilty of negligence.

Defendants further contend that the verdict and judgment are against the manifest weight of the evidence. We have carefully considered all the evidence in the record and the argument of counsel and are clearly of opinion that whether plaintiff was in the exercise of ordinary care and whether defendants were guilty of the negligence charged, were questions for the jury.

Complaint is also made to the giving of plaintiff's instructions numbers 1, 2, 3 and 5. By instruction 1

the jury were told in substance that if they found from the greater weight of the evidence, under the instruction of the court, the driver of the truck knew or by the exercise of ordinary care could have known that plaintiff was sliding on a sled out of the alley and the driver, by the exercise of ordinary care on his part, could have avoided the accident, then it was his duty to exercise ordinary care, and if the jury found he had not exercised such care, etc., and found plaintiff was in the exercise of such care for his own safety as would be expected of a child of his age, with the same intelligence, experience and capacity, then it would be proper to find for the plaintiff. A number of objections are urged to this instruction but we think they are all hypercritical. The issue was plain and simple and we think the instruction could in no way mislead the jury. Instruction 2 told the jury that under the law, a child under seven years of age was incapable of being negligent and that between the ages of seven and fourteen a child was required to exercise such care as would be expected of other children of the same age, intelligence, experience and capacity, etc., and that if the jury believed from the greater weight of the evidence and under the instructions that plaintiff was seven years, one month and nine days old, then it was the duty of plaintiff to exercise such degree of care, etc. Counsel for defendants, in support of their objection to this instruction say: "To base the standard of care on what *would be expected* of other children of like age, etc., is completely misleading. . . . The real standard is based on what they should do." We think there is no merit in the objection made, as stated. The jury were fully instructed, the issue was simple, and we think the jury were in no way misled.

By instruction 3 the jury were told that if they found from a preponderance of the evidence that the exercise of ordinary care on the part of the driver required him, as he approached the place of the accident, to look out

for the boys playing in the street and to have the truck under such control that in the exercise of ordinary care he could have checked the speed and avoided the collision, and if they found that the greater weight of the evidence shows that the driver did not look out for persons in the street and did not have the truck under control, and his failure to do so, if he did so fail, was negligent, and the proximate cause of the injury, if they found that plaintiff was in the exercise of ordinary care for his own safety, then it would be proper for the jury to find for plaintiff. Counsel say "This instruction is vicious. It contains assumption after assumption that plaintiff's evidence was true and ours was not"; that it improperly refers to *"the* boys playing in or near the street," etc. What we have said in reference to the objections made to instructions 1 and 2, we think applicable here.

By instruction 5 the jury were told that the driver of a truck in a public street is bound to know that members of the public, including children, have a right to the lawful use of the street and that it is the driver's duty to exercise ordinary care to avoid injuring children who may be lawfully using the highway. It is said this instruction is erroneous in that it assumes that plaintiff was lawfully using the *highway;* that as a matter of fact, plaintiff was violating a city ordinance which provided that it was unlawful for any person to go upon the roadway of any street upon a sled, other than a crosswalk. Defendants offered an instruction number 18, which the court refused, by which it was sought to have the jury told there was a city ordinance which made it unlawful for any person to go upon any roadway other than a crosswalk, on a sled. The tendered instruction then continued: "The plaintiff at the time of the occurrence complained of, was too young to be charged with a duty to observe said Ordinance, but, until such time as the driver should or could by the exercise of ordinary care see that there was on the

roadway, or about to come upon it, a person too young to observe said ordinance, the driver had a right to proceed along the street on the assumption that all persons would observe said ordinance.''

In support of defendants' contention that instruction 5 was erroneous counsel say: ''Even though the plaintiff, being under ten years of age, was too young to be charged with either civil or criminal responsibility for violating the ordinance, still that fact merely excused plaintiff from the *penalty* that would otherwise follow. The objective violation nevertheless existed and the use was certainly not lawful. . . .

''As the instruction described plaintiff's use of the street (and inferentially his conduct) as lawful, and pointedly failed to describe the driver's conduct and use of the street in like terms, but, instead, spoke sharply of his duties, the jury were left with the misleading impression that the court was here quite plainly suggesting to them where the responsibility lay.'' In *Morrison v. Flowers,* 308 Ill. 189, the court said: ''A person operating a motor vehicle along the streets of a city is bound to recognize the fact that children will be found playing in the street and that they may sometimes attempt to cross the street unmindful of its dangers, and the driver owes the children the duty of reasonable and ordinary care under the circumstances.''

Counsel say that the court should have given its refused instruction 18, which presented defendants' theory.

No case has been called to our attention and we think none can be found where the facts are at all similar to the facts in the case at bar that holds the giving of instruction number 5 was reversibly erroneous, and we think this result follows from defendants' refused instruction number 18 where it sought to have the jury instructed that the ordinance did not apply to plaintiff.

Complaint is also made to the refusal of the court to give defendants' instructions numbers 16, 16-A, 17, 18 and 19. We have already disposed of refused instruction 18. We think it would serve no purpose to discuss the other refused instructions because we are of opinion that the jury were fully instructed on all phases of the case. At the request of defendants, the jury were told that if they believed the driver, as he approached the place of the accident, was operating the truck with ordinary care and that by the exercise of ordinary care he did not know or have a reasonable opportunity to learn or to anticipate that plaintiff was sliding or about to slide into the street, then the verdict should be for defendants; that before plaintiff could recover, he must prove by a preponderance of the evidence that he was in the exercise of ordinary care for his own safety, considering his age, etc.; that the driver was guilty of the negligence charged and that such negligence, if any, was the proximate or direct cause of plaintiff's injuries, and that if plaintiff had failed to prove any one of them, they should find defendants not guilty.

The court gave 6 instructions for plaintiff, most of which were stock instructions and 16 offered by defendants. The issue was simple and easily understood and we think the jury was not misled in any way.

The judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.