Mary Kahler, Appellee, v. Louis Marchi and Gina Marchi, Appellants.

Gen. No. 41,217.

24

Opinion filed November 4, 1940.

GEORGE L. McCABE, of Chicago, for appellants; THOMAS F. ALLMAN, of Chicago, of counsel.

CAVANAUGH, HIGGINS, DUNLEAVY & SAVAGE, of Chicago, for appellee; PHILIP H. DUNLEAVY, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against defendants to recover damages for personal injuries claimed to have been sustained by her when she fell on the stairs of a building owned and operated by defendants, on the ground that defendants were negligent in failing to light the stairs and in failing to have a handrail, as an

ordinance of the city required. The case was heard before the court without a jury, there was a finding and judgment in plaintiff's favor for $350 and defendants appeal.

The record discloses that defendants owned a three-story, three-apartment building. One entering the building opens the door into a vestibule, then there is a stair of two steps which are about seven feet wide. Above the middle of the second step a stairway three feet six inches wide leads to the second apartment and a similar stairway from the second floor to the third apartment.

About 3 o'clock on the afternoon of January 31, 1937, plaintiff, a woman about forty-five years of age, visited her friend, Mrs. Hines, who occupied the apartment on the third floor. Plaintiff testified she left Mrs. Hines' apartment about 6:30 or 7 o'clock, started down the stairs which were dark; that she then went down the second flight of stairs which was in the same condition. "I was feeling my way. I had no railing, nothing to lean on and as I got down to the bottom, there is a small portion like a platform, about two feet and then there is a door. As I opened the door I fell right down those stairs [the two steps] into the vestibule. The door is a heavy one. I pushed it toward me to open it; . . . The door pushed me." She further testified that the heel of one of her shoes, which was about two and one-half inches high, came off at or about the time she fell. James Hill and Felix Mack testified that they came into the vestibule about 5:30 or 6 o'clock and found plaintiff who complained that she was injured.

There is other evidence in the record to the effect there was a handrail on the side of the stairs leading to the second and third floors but none, as shown by a photograph, as to the two steps leading from the foot of the stairs down to the vestibule. The evidence as to whether the electric light in the vestibule

was lit at the time is unsatisfactory. Mack thought the light was lit, while Hill's testimony would indicate there was no light. Mrs. Hines and Louis Marchi gave testimony tending to show the light was lit.

Louis Marchi testified that he and his wife owned the building and he was the janitor; that shortly after the accident he was called by telephone, went to the entrance and the light in the vestibule was lit; that at that time plaintiff had been taken upstairs to Mrs. Hines' third floor apartment and a doctor was called; that the electric lights on the stairway and hall were automatically turned on by means of an electric clock at 5 o'clock in the evening and that the clock and lights had been working properly for a couple of weeks prior to the accident.

The evidence further shows that shortly after the accident plaintiff was taken to the hospital where she was treated and afterward the doctor called on her for a number of weeks. There is evidence also which conclusively shows plaintiff had been injured as the result of two automobile accidents near Hammond, Indiana in 1930 and 1931, which resulted in litigation but plaintiff denied she was involved in such accidents or litigation. There is some argument by counsel for defendants that the injuries plaintiff claimed to have sustained as a result of her fall, resulted from the automobile accidents.

We are of opinion that if plaintiff's injuries, for which she sues in the instant case, resulted from defendants' negligence and if plaintiff was in the exercise of due care for her own safety the amount awarded was very small and there is no contention that it is excessive.

The testimony of plaintiff is very unsatisfactory as is the testimony of some of the witnesses who testified on behalf of defendants. Whether the lights on the stairways leading to the second and third floors were lit and whether there was a handrail is of no im-

portance because the evidence is clear plaintiff was not injured because of the absence, if there was such absence, of lights or handrail on the two stairways—she was injured in the vestibule.

Counsel for plaintiff in their brief say: "There are then two steps leading from this first floor landing into the vestibule of the building. These steps are considerably wider, being approximately seven feet in width. There is no hand railing on either side of these two steps. It was on these stairs that the plaintiff fell. It was the contention of the plaintiff that she was caused to fall and injure herself because of the defendants' negligence in failing to have the vestibule and stairway lighted, and because of the defendants' failure to have the offset or short stairway, consisting of two steps, properly equipped with a handrail, as is provided for in the ordinance of the City of Chicago, regulating the maintenance and construction of such stairways." This is the sole reference to the ordinance. We have been unable to find that any reference was made to the ordinance on the trial and none is made in this court. What the ordinance provides is in no way referred to by counsel for plaintiff nor in any other way do the provisions of the ordinance appear. While this court takes judicial notice of an ordinance such as the one mentioned, its provisions ought to be called to our attention in some way and this not having been done, the matter cannot be considered. Moreover, if the ordinance required a handrail "on either side of these two steps" which were seven feet wide, it would be of no assistance to plaintiff because the stairway leading to the apartments was in the middle of these two steps and about three and one-half feet wide.

The controlling question in the case is whether the light in the vestibule was lit at the time and whether defendants were negligent even if the light was not lit at the time plaintiff was injured. If we assume the

light was not lit at the time, defendants would not be liable unless they had actual or constructive notice of such fact. *McDermott v. McKeown Transportation Co.,* 263 Ill. App. 325; *Antibus v. W. T. Grant Co.,* 297 Ill. App. 363; *Toledo, Wabash & Western Ry. Co. v. Beggs,* 85 Ill. 80; *People v. Kastings,* 307 Ill. 92; *Berkovitz v. American River Gravel Co.,* 191 Cal. 195; *Yates v. Brazelton,* 108 Cal. App. 533, 291 Pac. 695.

In the instant case defendants were required to use reasonable care to see that the vestibule was properly lighted but the law is not so unreasonable as to hold defendants liable in case the light in the vestibule suddenly went out. (See *McDermott v. McKeown Transportation Co.,* 263 Ill. App. 325, and cases above cited.) The evidence is to the effect that the lights were automatically turned on at 5 o'clock; the clock was properly functioning during the two weeks prior to the accident and that the accident occurred at from a half to two hours after 5 o'clock. In these circumstances we think the evidence is insufficient to warrant the finding that defendants were liable for the want of a light, if such were the fact, and for this reason, the finding in plaintiff's favor cannot stand.

We think we ought to further say that the contention of defendants that the court should have sustained the motion to find for defendants at the close of plaintiff's case (which was said to be the proper procedure in the *Antibus* case, above referred to), is not the law. Defendants' motion made at the close of plaintiff's case was overruled; defendants then put in their evidence. That motion was then out of the case for all time. *Popadowski v. Bergaman,* 304 Ill. App. 422.

We are of opinion that the overwhelming weight of the evidence is that the light was lit. We are also clear that in any view of the evidence, defendants ought not to be held liable if the light suddenly went out because there was no actual notice and the evidence is wholly insufficient to show constructive notice.

For the reasons stated, the judgment of the superior court of Cook county is reversed without remanding. *Ebbert v. Metropolitan Life Ins. Co.*, 369 Ill. 306.

*Judgment reversed.*

MATCHETT, J., and McSURELY, J., concur.