Simon Hirshman, Trustee in Bankruptcy of Carl Ray Corporation, Appellee, v. National Mineral Company, Appellant.

Gen. No. 41,611.

Heard in the first division of this court for the first district at the April term, 1941. Opinion filed July 3, 1941. Rehearing denied July 21, 1941.

ADOLPH A. RUBINSON, of Chicago, for appellant.

CULVER & MENDELSON, of Chicago, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

August 15, 1936, plaintiff filed his suit in the municipal court of Chicago against defendant, and in his statement of claim alleged he was elected trustee October 16, 1935, in the bankruptcy proceeding instituted in the District of Columbia. He sought to recover on the ground that defendant within four months of the institution of the bankruptcy proceeding had obtained a preference over other creditors, which plaintiff sought to recover. Plaintiff's claim is made up of three items: (1) that defendant had sold and delivered to the Carl Ray Corporation merchandise for $1,381, (2) other merchandise for $1,414.51, and (3) the Carl Ray Corporation had given defendant a note which it obtained from one of its customers, of $5,869.40; that the merchandise had been returned by Carl Ray Co. to defendant and such return and the giving of the note to defendant occurred within four months prior to the institution of the bankruptcy proceeding when defendant knew or had reasonable cause to believe that the Carl Ray Co. was insolvent. There was a jury trial and a witness testified that August 6, 1935, merchandise of the value of $1,521.68 and August 23 other merchandise of the value of $1,210.51 (making a total of $2,732.19), was returned by Carl Ray Co. to defendant. The jury returned a verdict in plaintiff's favor for the amount of these two items, judgment was entered on the verdict and defendant appeals.

No suggestion or complaint is made that the verdict made no allowance for the note of $5,869.40. Plaintiff's action is based on the provisions of § 60b of the Bankruptcy Act (U. S. Code, Title 11, § 96 (b)), which provides that "If a bankrupt shall have . . . made a transfer of any of his property, and if, at the time of the transfer, . . . and being within four months before the filing of the petition in bankruptcy . . . the bankrupt be insolvent and the . . . transfer then operate as a preference, and the person receiving

it or to be benefited thereby, . . . shall then have reasonable cause to believe that the . . . transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person.''

The evidence shows, and there is no contention to the contrary, that the two items of merchandise aggregating the amount of the verdict and judgment was returned by the Carl Ray Co. within four months of the filing of the petition in bankruptcy.

The questions for decision on the merits are (1) whether the goods were sold by defendant to the Carl Ray Co. or consigned to it by defendant, and (2) whether the Carl Ray Co. at the time the goods were returned was insolvent and defendant knew or had reason to believe that the Carl Ray Co. was insolvent.

The first question is not discussed by counsel for either side but Godfrey L. Munter, a witness called by plaintiff, testified by deposition he was a member of the bar of the District of Columbia and had been attorney for the Carl Ray Co. in 1935; that defendant was a creditor of the corporation July 1935, ''judging from some letters I find here, I was consulted by Carl Ray with reference to the demands of National for payment of indebtedness.'' That he had about twenty conferences on the subject. ''Their position was, as I recollect, that they wanted money and some of the goods back which had been shipped on consignment''; that during those conferences all the parties were try-· ing to see if the Carl Ray Co. could be saved.

There is considerable evidence in the record as to the financial condition of the Carl Ray Co. during June, July, August and September of 1935, and counsel for defendant contends it fails to show that during those months the Carl Ray Co. was insolvent and therefore the court should have sustained defendant's motion at the close of plaintiff's case for a directed verdict. After such motion was overruled, defendant

put in its evidence and that motion was then out of the case for all time. *Popadowski v. Bergaman,* 304 Ill. App. 422; *Kahler v. Marchi,* 307 Ill. App. 23. Counsel for defendant argues on this question which is the only question discussed in the brief and is wholly inapt. While a second motion was made by defendant for a directed verdict at the close of all the evidence, the only question on this phase of the case is, Did the court err in overruling this motion? If there is any evidence taken in connection with all legitimate inference to be drawn therefrom, considered most favorably to plaintiff, the motion was properly overruled.

In view of the argument of counsel for defendant the questions for decision are (1) whether the court should have directed a verdict for defendant at the close of all the evidence or (2) whether the verdict of the jury in favor of plaintiff (to the effect that the Carl Ray Co. at the time the merchandise was returned was insolvent) is against the manifest weight of the evidence. We think the evidence was clearly sufficient to warrant the jury in finding that defendant knew the financial situation of the Carl Ray Co. at the time the goods were returned. But while the question of the insolvency at that time is not entirely clear, yet upon a consideration of all the evidence in the record we are of opinion we would not be warranted in holding the court should have sustained defendant's motion at the close of all the evidence and directed a verdict in its favor. We are further of opinion that the verdict in plaintiff's favor on the question of the insolvency of the Carl Ray Co. at the time the goods were returned to defendant is against the manifest weight of the evidence.

In a letter sent by the Carl Ray Co. July 18, 1935, to defendant's representative an itemized statement of the assets and liabilities of that company was included. It showed a net value of $14,116.94. July 31, 1935, another itemized statement of the assets and

liabilities of the Carl Ray Co. showed a net value of $11,556.25.

Defendant also offered in evidence a report of Dun & Bradstreet as of September 27, 1934, concerning the financial standing of the Carl Ray Co. We think this report only tended to confuse the issues and should not be in evidence in case of a retrial. It would in no way tend to show the solvency or insolvency of the Carl Ray Co. at the time the goods were returned the following August 1935.

The verdict was returned and the judgment entered April 21, 1939, and May 3 following, an order was entered giving defendant leave to file a motion to vacate the judgment. The motion was supported by a verified petition which tended to show the court in Washington, D. C. did not have jurisdiction of the bankruptcy proceeding. An answer was filed to this petition and a hearing had, all of which we think was improper. The jurisdiction of the court in Washington, D. C. could not be thus collaterally attacked. That court adjudicated that Carl Ray Co. was a bankrupt. Defendant was notified of the proceedings but did not raise any question of the jurisdiction of that court and the question could not be raised in the instant case. *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U. S. 371.

Defendant also complains the court erred in refusing to give instruction No. 4 tendered by it. The instruction is not set out in defendant's brief, which we have heretofore held was the proper practice. *General Platers Supply Co. v. L'Hommedieu & Sons Co.,* 228 Ill. App. 201; *In re Estate of Wood v. Tyler,* 256 Ill. App. 401. But in any event we think the instruction was properly refused. By it defendant sought to have the jury told, among other things, that plaintiff was required to prove by a preponderance of the evidence "That the taking back of the goods and note had the effect of cutting down the property and assets of Carl

Ray Corporation," etc.; "That National Mineral caused Colbe to be placed in management of the Carl Ray Corporation as a condition of refraining from legal action; That Colbe paid nothing for his stock . . . That National Mineral Company willingly received said property for the purpose of defrauding the other creditors of Carl Ray." None of these propositions had anything to do with the solution of the questions properly involved. The fact that plaintiff had alleged all or some of these matters in his statement of claim was immaterial and mere surplusage. He was not required to prove all of these allegations.

The judgment of the municipal court of Chicago is reversed and the cause remanded.

*Reversed and remanded.*

McSurely, P. J., and Matchett, J., concur.