Flora Turner, Appellant, v. Walter J. Cummings and Daniel C. Green, Receivers, et al., Trading as Chicago Surface Lines, and Division Market, Inc., Appellees.

### Gen. No. 42,406.

Opinion filed May 10, 1943. Supplemental opinion filed and rehearing denied May 24, 1943.

FRIEDLUND, LEVIN & FRIEDLUND, of Chicago, for appellant; EMIL N. LEVIN and D. M. STALZER, both of Chicago, of counsel.

FRANK L. KRIETE, CHARLES E. GREEN and ARTHUR J. DONOVAN, all of Chicago, for certain appellees; WILLIAM J. FLAHERTY, of Chicago, of counsel.

SAMUEL LEVIN and STANLEY WATSON, both of Chicago, for certain other appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit to recover for personal injuries sustained by her while she was a passenger in a streetcar operated by certain of the defendants, doing business as Chicago Surface Lines, caused by a collision between the streetcar and a truck owned and operated by defendant Division Market, Inc. At the close of plaintiff's evidence the court directed a verdict for the .defendants, and plaintiff appeals from the judgment which followed.

October 16, 1939, about 3 o'clock in the afternoon, plaintiff was a passenger on a westbound streetcar on Chicago avenue in Chicago; as it was passing about the middle of the 1400 block on Chicago avenue a heavily loaded meat truck of the Division Market, Inc., backed into it, the back end of the truck striking the streetcar at the window behind which plaintiff was riding; plaintiff was thrown to the floor and received injuries, requiring medical care. The force of the collision was such that the top of the truck was knocked loose from its moorings; the driver of the truck was injured and there were two other injured persons.

There was evidence that there was an unobstructed view between the motorman for approximately 450 feet to the point of the collision; that no bell or horn were sounded; after the collision the streetcar kept going about 20 feet when it stopped with a sudden jolt, throwing some of the passengers toward the front of the car. Plaintiff was free from any negligence.

Defendants admitted that the collision happened and that they owned and operated, respectively, the streetcar and truck at the time of the accident; no third person or outside agency participated in the accident. It was simply a question of the truck backing into a passing streetcar and whether this was negligence on the part of either or both of the defendants.

In *Pearlman v. W. O. King Lumber Co.*, 302 Ill. App. 190, where a suit was commenced against two defendants, alleging that the damage to the plaintiffs' automobiles was caused by the negligent operation of the defendants' vehicles, we reversed and remanded a judgment entered on the verdict of a jury finding both defendants not guilty. We held that "Either one or both of the defendants are guilty." The only question to be decided was, which one of the defendants was guilty, or both, and the amount of the damages. To the same effect is *Aarseth v. Stein*, 278 Ill. App. 16. In the latter case there was no contention that the death of Aarseth was caused in any way by his own negligence, but clearly by the negligent operation of one or both of colliding automobiles. We there said, ". . . plaintiff has a right to recover from someone." Where an accident results from the operation of two vehicles, controlled and operated by defendants, in the absence of an explanation it will be presumed that the collision arose from the want of proper care.

Plaintiff argues that the evidence established that the truck backed into the oncoming streetcar without warning, and the motorman of the streetcar was not alert to observe vehicles which might interfere with

traffic. The evidence presented questions of fact which the jury should have been permitted to pass upon.

Plaintiff complains that the court, when defendant's motion to direct a verdict was presented at the close of plaintiff's case, erred in acting upon the motion at once. He says the court should have reserved its decision and compelled defendants to introduce their evidence. There is no merit in this point. Such a motion cannot be reserved. *Popadowski v. Bergaman,* 304 Ill. App. 422; *Kahler v. Marchi,* 307 Ill. App. 23; *Goldberg v. Capitol Freight Lines, Ltd.,* 314 Ill. App. 347, aff'd 382 Ill. 283.

We are of the opinion that the evidence should have been submitted to a jury and that the motion for a directed verdict should have been denied. The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

MATCHETT, P. J., and O'CONNOR, J., concur.

SUPPLEMENTAL OPINION ON REHEARING.

Each defendant has filed a petition for rehearing in each of which counsel, in quoting a few lines from the opinion infer that we held under the facts it must be presumed defendants were negligent and then counsel talk about the doctrine of *res ipsa loquitur.* This is a misapprehension. The negligence in this case is not presumed but is demonstrated. Plaintiff was a passenger in the streetcar; she was not negligent. There was a collision between the streetcar and the truck. Plaintiff was injured as a result of the collision. One or both of the defendants are guilty of negligence as we held. (*Harrison v. Bingheim,* 350 Ill. 269.) In these circumstances it is difficult for us to understand how a judgment in favor of the two defendants could be entered.

In the petition for rehearing filed by the receivers of the streetcar company, it is also said "It is fundamental that an inference cannot be drawn from a fact

or state of facts when an inconsistent inference may as readily be drawn from the same facts or state of facts.'' There are some decisions of this court and probably others where this has been stated, but it is not the law. As we said in *Plodzien v. Segool,* 314 Ill. App. 40, the law is that where ''uncertainty arises as to the inferences that may legitimately be drawn from the evidence so that fair-minded men may honestly draw different conclusions, the question is not one of law but one of fact to be settled by the jury. *Denny v. Goldblatt,* 298 Ill. App. 325; *Chicago & N. W. Ry. Co. v. Hansen,* 166 Ill. 623; *Moore v. Rosenmond,* 238 N. Y. 356; *Kavale v. Morton Salt Co.,* 242 Ill. App. 205; *Norris v. Illinois Central R. Co.,* 88 Ill. App. 614; *Richmond & Danville R. Co. v. Powers,* 149 U. S. 43; *Cunning v. Cooley,* 281 U. S. 90; *Best v. District of Columbia,* 291 U. S. 411.'' See also *Reilly v. Peterson Furniture Co.,* 314 Ill. App. 46. Note the language of Judge POUND in the *Moore* case and of Chief Justice HUGHES in the *Best* case.

*Rehearing denied.*