Charles Haut, Administrator of Estate of Estelle Haut, Deceased, Appellee, v. A. F. Kleene et al., Copartners, Trading as A. F. Kleene Company, et al.
Appeal of Amy Slad, Trading as Motycka's Fruit and Vegetable Company, Appellant.

Gen. No. 42,519.

274 

 Opinion filed September 27, 1943. 

WILLIAM J. KAFKA, of Chicago, for appellant; CLYDE C. FISHER, of Chicago, of counsel.

BEN W. GLEASON and GEORGE YELLEN, both of Chicago, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against defendants under the Injuries Act to recover for the wrongful death of his wife charging that defendants were negligent in keeping and selling rabbits. Defendants denied liability and during the trial, by leave of court, plaintiff amended his complaint by charging that the rabbits purchased were intended for consumption by the general public and defendants knew they would be prepared for use as food and thereby impliedly warranted that the rabbits were "free from injurious defects in the handling and consumption" of them; that the deceased as a result of handling and preparing the rabbits for food became afflicted with a disease known as tularemia or rabbit fever, from which she died. During the trial the court eliminated the claim made against defendants, Kleene and Baldwin on the ground that they impliedly warranted the rabbits and the case was submitted to the jury under instructions as to these two defendants on the question of negligence, and as to the defendant, Amy Slad, the case was submitted to the jury on the questions of negligence and implied

warranty. There was a verdict in plaintiff's favor for $2,500 against Amy Slad. Defendants Kleene and Baldwin were found not guilty. Afterward Amy Slad filed her motion for judgment notwithstanding the verdict and for a new trial. The court on disposing of these motions entered the judgment appealed from in which it is recited that the matter came on to be heard on the motion of Amy Slad for judgment notwithstanding the verdict of the jury and "after arguments of counsel and due deliberation by the Court said motion is sustained as to the negligence and wilful and wanton counts and overruled as to the implied warranty count." Continuing the court overruled the motion for a new trial, entered judgment on the verdict against Amy Slad for $2,500 and also entered judgment on the verdict finding the other two defendants not guilty. Amy Slad appeals.

The record discloses that Friday, November 29, 1940, Charles Haut, husband of the deceased, who then lived at 1528 W. 29th Place, Chicago, went into the small retail store of defendant, Amy Slad, and purchased four rabbits from her. He testified that he asked Mrs. Slad if they were good, fresh rabbits and she said they were. There were about 100 skinned rabbits in the store and he had Mrs. Slad pick out four of them for which he paid $1.50; that he took them home, his wife washed them, cut them up in lengths, put them in a pail of vinegar, seasoning and carrots, and then into the ice-box; that she took them out on Sunday, cooked them and he and his family, consisting of himself, his wife and two daughters, ate the rabbits for dinner; that they were very good and they felt no ill effects from them. That about a week before he purchased the rabbits, his wife had cut her finger, that the Monday after they had eaten the rabbits she complained of headache and backache, the doctor was called, she was treated until December 6, 1940, when she was taken to the County Hospital,

where she died December 16. The doctors who had treated her described the cut in her hand and gave as their opinion that she died as a result of tularemia, or rabbit poisoning.

Amy Slad, called by plaintiff under the statute, testified that in November, 1940, she ran the store under the name of Motycka's Fruit and Vegetable Store, where she and her family lived at 3845 W. 26th street, that she had been engaged in this business at the same address for 17 years; that in November, 1940, she sold dressed rabbits as well as fruit and vegetables and that on November 29 she received "a bunch of rabbits from my husband;" that she had no other rabbits in the store; that he bought the rabbits from the other defendants, Kleene and Baldwin; that at the time her husband brought in 96 rabbits with the skin on; that she then skinned and cleaned them as she had done for 22 years; that "A diseased rabbit looks spotted, every half inch it has a white spot on it and this spot runs through the intestines and when I find one like that I discard it." That when the rabbits were dressed and skinned she washed them and put them on sale; that she did not know Mr. Haut and did not recognize him as being the man who had bought some of the rabbits; that there were several markets in the neighborhood selling rabbits; that at the time, she had a sign in her store on which was written: "You purchase these rabbits at your own risk. Please wear gloves."

In rebuttal Charles Haut testified he did not see the sign. On cross examination he was asked by counsel for defendant, Kleene, "How many times prior to November 29, had Mrs. Haut tried to commit suicide? A. She didn't even try to commit suicide. She took some medicine. Q. She took larkspur, didn't she? A. Yes, sir. . . . She went to Manteno for a nervous breakdown . . . she had a depressed mind, but she was not insane." The evidence further shows

that Mrs. Haut, on June 2, 1937, was adjudged insane by the county court of Cook county.

There is other evidence in the record but since we have reached the conclusion that there must be another trial, we refrain from discussing it further.

Counsel for Amy Slad, in their brief say: "The Court erred in overruling the motions of the defendant, Amy Slad, made at the close of plaintiff's evidence and renewed at the close of all the evidence to instruct the jury to find said defendant not guilty."

The record discloses that at the close of plaintiff's evidence motions for a directed verdict were made on behalf of defendants Kleene and Baldwin and instructions were tendered. On the bottom of these motions appear the words: "Ruling Reserved." Then follows the name of the presiding judge. Following this is written: "After verdict—motion sustained," signed by the trial judge. Similar motions were made by these two defendants at the close of all the evidence with similar notations. Motions for directed verdict were also made on behalf of defendant Amy Slad and they were each overruled.

In *Popadowski v. Bergaman,* 304 Ill. App. 422, we spelled out the rule of practice in such case and held that where defendant made a motion at the close of plaintiff's evidence, the motion could not be reserved if defendant put in any evidence and that the motion could not be renewed at the close of all the evidence but a second motion must be made based on all the evidence. We there said: "Where a defendant makes a motion at the close of plaintiff's case for a directed verdict, if he desires to save his point, he must introduce no evidence. But if he puts in his evidence and desires a directed verdict, he must make a *second* motion for a directed verdict. The court in passing on the second motion, must do so in view of all the evidence. (*Cook v. Aevermann,* 244 Ill. App.

644 (Abst.); *Joliet A. & N. Ry. Co. v. Velie*, 140 Ill. 59; *Fowler v. Chicago & W. I. R. Co. et al.*, 182 Ill. App. 123.) Some opinions inaccurately state the law to be that where a defendant moves for a directed verdict at the close of plaintiff's case and the motion is overruled and defendant then introduces his evidence, he must 'renew' his motion at the close of all the evidence. In such case the motion made at the close of plaintiff's case cannot be renewed. It is out of the case for all time and, as stated, if defendant desires to have the court of review pass on the question whether plaintiff has made out a *prima facie* case, at the close of all the evidence, he must make a second motion based on all the evidence." We made a similar holding in *Kahler v. Marchi*, 307 Ill. App. 23; *Hirshman v. Nat. M. Co.*, 311 Ill. App. 169 and *Goldberg v. Capitol Freight Lines, Ltd.*, 314 Ill. App. 347, aff'd, 382 Ill. 283. We know of no procedure that would authorize the court to reserve a motion made by defendant for a directed verdict at the close of plaintiff's evidence after defendant put in evidence. Nor do we know of any procedure that justifies the action of the court when he reserved the motions on behalf of two of the defendants at the close of all the evidence for a directed verdict and afterward the jury returned the verdict in favor of these two defendants to then sustain the motions as was attempted in the record before us. Nor are we familiar with the practice followed when the defendant, Amy Slad's motion for judgment notwithstanding the verdict was made that authorized the court to sustain her motion "as to all negligence and wilful and wanton counts" and overruled it on the question of implied warranty of the rabbits.

The record further discloses that during the taking of the evidence, counsel for defendants Kleene and Baldwin, moved that the charge made against them in the complaint, as amended, upon the ground that they

were liable on an implied warranty, be stricken. The motion was allowed. The case was submitted to the jury as shown by the instructions on the question of negligence as against the three defendants and on the question of implied warranty as against defendant, Amy Slad, and her counsel contend that the instruction on the implied warranty was improper and prejudicial. By it the jury were told that it is the law in this State that where a retailer sells articles of food for immediate consumption he is a "warrantor that the articles he sells are wholesome and free from defects that may injure the health of the person for whom they are purchased" and if they find that Amy Slad sold the rabbits for immediate consumption that were "diseased or infected with anything unwholesome, and which rendered it unwholesome as food and which could not be perceived by the plaintiff or his intestate and that by reason of such defect, Estelle Haut was made ill" and died as a result, and if the jury found she and her next of kin were in the exercise of ordinary care for her own safety, then the law required defendant to compensate plaintiff.

Counsel for defendant Slad contend this instruction was erroneous and unwarranted for the reason that it is undisputed that the rabbits were cooked and eaten with no ill effects which showed they were good food and there was nothing in the instruction which referred to the question of the handling of the rabbits, as plaintiff had alleged in his amended complaint. In view of the state of the record, which we have above set forth, we think the instruction might tend to confuse the jury. But in any event, we are of opinion that the issue can be submitted as against the defendant Amy Slad without any confusion.

Counsel for defendant Slad say that the decided weight of authority in the United States holds that there is an implied warranty that meats sold for immediate consumption are wholesome and that this

implied warranty cannot be extended to the handling and preparation of meats. There is also some argument that the implied warranty, if any, extended only to Charles Haut and not to his wife or family. There are a number of cases from jurisdictions that hold that the implied warranty in such cases does not extend beyond the immediate purchaser but we think they are unsound. To say that in the case at bar there was an implied warranty to Charles Haut who purchased the rabbits for food but that it did not extend to his wife and children, in our opinion does not make sense. This question has recently been given careful consideration by another division of this court in *Welter v. Bowman Dairy Co.,* 318 Ill. App. 305, in which the conflicting authorities on this question are analyzed and discussed. The court speaking by Mr. Presiding Justice BURKE said: "Apparently, this question has never been presented directly to a court of review in this State" and it was held that the implied warranty of fitness of food for human consumption extends to one although not the purchaser. We agree with this holding. See also *Rubbo v. Hughes Provision Co.,* 67 Ohio App. 123, 36 N. E. (2d) 144.

For the reasons stated, the judgment of the circuit court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT and NIEMEYER, JJ., concur.