Jerome R. Pfile et al., Plaintiffs, v. C. C. Owens,
Defendant.
Betty Pfile, Appellant, v. C. C. Owens, Appellee.

Gen. No. 9,535.

Opinion filed May 22, 1947. Released for publication June 17, 1947.

F. R. WILEY and C. C. MARTIN, both of Decatur, for appellant.

LE FORGEE & SAMUELS, of Decatur, and HERSHEY & BLISS, of Taylorville, for appellee.

MR. JUSTICE HAYES delivered the opinion of the court.

This is an appeal by Betty Pfile, plaintiff, from the judgment of the circuit court of Christian county, directing a verdict as to her, for the defendant C. C. Owens, at the close of plaintiff's evidence. The basis of the suit was for damages, resulting from a collision between plaintiff's automobile and defendant's truck on October 18, 1944. Betty Pfile alone is appealing from the judgment.

Plaintiff alleges in count one: That she was driving the automobile, accompanied by Dorothy Sharp; that they were traveling north on U. S. route 51; that defendant's truck was directly in front of her traveling in the same direction, and driven by defendant; that defendant suddenly and without any warning started to make a left turn and drove his truck across the center line of the pavement, into the left-hand traffic lane and collided with plaintiff's car with the result that it ran into a nearby tree, injuring the plaintiff and Dorothy Sharp. It further alleges that defendant negligently drove his truck into the left-hand roadway in violation of sec. 54 of the Uniform Traffic Act, ch. 95½, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 85.183], and that he did this without signalling his intention to make such a turn in violation of sec. 65 of

said Act [Jones Ill. Stats. Ann. 85.194], and when he made such turn he knew or could have known that he could not do so with reasonable safety in violation of sec. 65 of the Act.

Count two restates the above allegations and further charges that defendant did the acts complained of,—wantonly and wilfully.

Defendant's answer denies all the charges made by plaintiff, and sets out certain special defenses, namely collision caused by plaintiff's negligence,—and that plaintiff was proceeding at a dangerous rate of speed and failed to sound her horn; that she entered an intersection after defendant started to make a turn, in violation of sec. 58 of the Act [Jones Ill. Stats. Ann. 85.187], and charging plaintiff with driving faster than thirty-five miles an hour in violation of sec. 49 [Jones Ill. Stats. Ann. 85.178], in the suburban district of Assumption. Defendant's answer further states that plaintiff was following too closely,—in violation of sec. 49, and that plaintiff failed to keep a proper lookout.

Plaintiff's reply to defendant's answer denied all special defenses set out therein.

The collision in question took place on U. S. Highway 51, in Assumption, Illinois, which highway runs north and south along the east edge of Assumption. No streets lead off towards the east, but do towards the west. Near the north part of Assumption,—and just north of where the collision occurred, East First North street leads off to the west, from U. S. Highway 51. It is not a paved street but has a black-top, oiled surface, about twenty-four feet wide. At the southwest corner of the intersection of East First North street and U. S. Highway 51 is a Standard Oil filling station, and across the street to the north on the northwest corner is another filling station, and also between them and East North street and around the pumps in front of the filling stations were crushed rock

driveways. There were gasoline pumps in front of each filling station,—the Standard Oil first pump was thirty feet south of the south line of East First North street, and directly east of this pump was the spot where the collision occurred. There were no signs to indicate the presence of East First North street, as the roadways into the two gas stations, together with the macadam rock between them and the highway made the situation confusing and difficult for a stranger to readily see the intersection.

There is evidence in the record that the plaintiff was driving about fifteen miles an hour at the time of the collision, and that defendant was driving from ten to twelve miles an hour. The plaintiff testified that just south of the Standard Oil filling station they overtook the defendant's truck and started to pass it; that this was the first time that she had driven through Assumption, and was unaware of the presence of East First North street; that as she got up to defendant's truck she nosed out into the left-hand lane and looked to the north to see if there were any cars approaching from the north and saw none; she then sounded her horn and turned somewhat into the right lane, and then drove entirely into the left-hand lane; sounded her horn again, and increased her speed to twenty-five miles an hour. As her car came abreast of defendant's truck, he, without giving any signal of his intent so to do, suddenly drove his truck across the center line and into the left-hand traffic lane and against plaintiff's car, his left front end striking the right front wheel of plaintiff's car. Plaintiff further testified that she tried to turn her car to the northwest to avoid the truck, but defendant's truck, after scraping along the side of plaintiff's car, hooked its left rear bumper over the right rear bumper of plaintiff's car, causing it to go out of control. Both cars described an arc to the northwest, and struck the tree just south of the filling station on the north side of East First North street.

This was about eighty or ninety feet from the original point of contact. Plaintiff's evidence shows that she was quite severely injured, sustaining fractures of both jaws, loss of a number of teeth, one knee injured, and a fracture of the large bone of her big toe.

At the close of plaintiff's evidence, upon motion of defendant, the court instructed the jury to find the issues for the defendant. On a motion for a directed verdict, plaintiff's evidence is entitled to the most favorable interpretation and inference the evidence will bear, and must be accepted as true. If there is any evidence tending to support plaintiff's claim, it is error to allow the motion. On a motion for a directed verdict the court cannot weigh the evidence. If there is any evidence tending to prove plaintiff's case, the motion should be denied. If a person was violating the law at the time of his injury, this will not bar a recovery, unless the unlawful act in some way contributes to the accident. Such violation is only prima facie evidence of negligence. From an inspection of plaintiff's exhibit 6, which shows the conditions that faced the plaintiff as she came up to East First North street, there is nothing to indicate an intersection. Driver of a car behind a truck with two service stations adjacent to each other, plus their stone driveways and double set of pumps, would be sufficiently confusing to a driver not familiar with the surroundings, so as to miss the intersecting street. This condition made it a proper case to submit to a jury, allowing them to determine as a question of fact whether or not the plaintiff was in the exercise of due care under all the conditions and surrounding circumstances, at the time of and just before the collision.

Under the record as is before us, we find that every element necessary to make plaintiff's cause of action was supported by some evidence tending to establish it. The question of contributory negligence of the plaintiff in passing another car at the intersec-

tion, also the question of the negligence of the defendant in turning to the left without giving a signal, were questions of fact that should have been passed on by a jury. Appellee suggests, in his argument, the fact that the jury found "not guilty" in the case of Dorothy Sharp, a passenger, whose case was permitted to go to the jury, is significant of what would happen to appellant here, if her case had gone to a jury. We cannot agree with this for appellant was entitled to her day in court upon the merits of her case, passed on by a jury. It can just as readily be pointed out that the driver's case was wrongfully ruled out of court which may have resulted in prejudice to the passenger's case.

For the reasons herein stated the judgment of the circuit court of Christian county is hereby reversed, and cause remanded.

*Reversed and remanded.*