George Csalany, Plaintiff-Appellee, v. William Senesac and Bob Neiner, Defendants-Appellants.

Gen. No. 67–62.

Third District.

January 19, 1968.

Gray, McIntire & Peterson, of Kankakee, for appellants.

Samuel H. Shapiro, and Edward G. Vogt, of Kankakee, for appellee.

CULBERTSON, J.

This cause comes on for hearing before us by appeal seeking the reversal of a judgment entered in favor of the Plaintiff, George Csalany, and against the Defendants, William Senesac and Bob Neiner, in the amount of $12,850. The narrowed issue presented to us for determination is the question as to whether or not the plaintiff was guilty of contributory negligence, as a matter of law.

The evidence in this case, which is largely undisputed, reveals the facts to be that the plaintiff in this case, on July 7, 1961, was driving his automobile in an easterly direction on the Manteno-DeSelm road, a two-lane highway, about two miles west of Route 45, in Kankakee County, enroute from his home three miles away, to his place of employment in Oak Park, Illinois. Defendant Senesac was driving a truck with a huskwagon attached behind it, in the same direction, at a point where a gravel road intersects the Manteno-DeSelm road, on the north side only. The huskwagon pulled by the cob truck driven by the defendant Senesac, extended out past the cob truck on the side, and the wagon was wider than the truck, and did not have any holes or openings that one could see through. The plaintiff was in the process of passing the defendant's truck-huskwagon combination on the left, when defendant Senesac executed a left-hand turn into the side road from the south lane of the Manteno-DeSelm road. At the point of the intersection of the two roads, the vehicles collided. Plaintiff sustained personal injuries and property damage.

Plaintiff testified that he was not aware of the existence of the road until after the collision. The intersection was not marked by signs indicating its existence, but the evidence discloses the two roads had joined at that point for many years. The plaintiff testified he did not see any signal indicating a left turn. Defendant Senesac testified he looked in the rearview mirror and saw a car that passed him about 150 feet or so from the place he turned. He was in front of the farmhouse gate when that car passed him. Defendant Senesac testified he did not know at the time he said he gave his arm signal that the turn signals on his truck were obscured by the wagon. Defendant Senesac further testified he couldn't see farther back than 200 feet in the rearview mirror when he started turning, as the huskwagon obscured his view. He further testified when he gave his arm signal he had to bring it back in, although he was 150 feet away from the intersection, and then he said he took his arm in about fifteen feet from the corner to guide the vehicle. The evidence discloses the truck was about 35 to 40 feet from the intersection, and plaintiff was about 50 to 55 feet from it when he started to pass. The visibility was good on the day of the occurrence in question, it being a clear and sunny day. Plaintiff testified as he started to pass he honked his horn, and that he was then traveling at a speed of 40 to 45 miles per hour. The speed limit in the area where this occurrence took place was 65 miles per hour. Plaintiff's Exhibits portray the scene of the accident, and disclose that there are farmhouses on either side of the gravel road, and there are driveways to them. The side road where the occurrence took place is between two houses. The farm truck was damaged on the left front door and front end, and the undercarriage of plaintiff's car was damaged. This is the factual situation which was presented to the jury for its determination.

It is the contention of the defendants in this case, under the facts in evidence in this case, the plaintiff was guilty of contributory negligence, as a matter of law, for having

violated the provisions of chapter 95½, section 155 (b) (2), Illinois Revised Statutes, which said statute is as follows: No vehicle shall, in overtaking and passing another vehicle or at any other time, be driven to the left side of the roadway under the following conditions: (2) when approaching within 100 feet of or traversing any intersection or railroad grade crossing.

■■ As we address ourselves to a consideration of the contention made by the defendants in this case, and the opposition thereto by the plaintiff, it is well that we first address ourselves to a consideration of Rules of Law that have long prevailed and that have shown a marked durability over the years. Where reasonable men would differ when viewing evidence as to whether or not a plaintiff is guilty of contributory negligence, it is a question of fact rather than of law (Pennington v. McClain, 16 Ill 2d 577, 158 NE2d 624). Where reasonable men would differ as to the inferences to be drawn from undisputed facts, it is a question of fact, rather than law (Turner v. Cummings, 319 Ill App 225, 48 NE2d 225).

■ The violation of a statute is at most prima facie evidence of negligence, and not negligence per se (Brackett v. Builders Lumber Co. of Decatur, 253 Ill App 107). In giving consideration to the question of passing at an intersection in violation of the statute the Courts have held, in the following cases, a question of fact was presented (Hestand v. Clark, 345 Ill App 480, 103 NE2d 652; Pfile v. Owens, 331 Ill App 390, 73 NE2d 445; and Piper v. Dowell, Inc., 335 Ill App 337, 80 NE2d 736).

■ Under the factual situation as disclosed by the evidence in this case, we are of the opinion the question of whether or not plaintiff was guilty of contributory negligence was a question of fact, and it was properly submitted to the jury for its consideration. The jury in this case was adequately and accurately instructed as to the burden the plaintiff was obliged to prove to sustain a verdict in his behalf. Under the facts as they are dis-

244

closed in the evidence in this case we are of the opinion, and so hold, there was no error on the part of the court in denying the defendants' motion for a directed verdict, or in the denial of the defendants' motion for judgment notwithstanding the verdict, and in denying the post-trial motion in its entirety.

It is, therefore, the judgment of this court that the verdict entered in behalf of the plaintiff and against the defendants be and the same is hereby affirmed.

Affirmed.

ALLOY, P. J. and STOUDER, J., concur.