Edwin Hasselbacher, Plaintiff-Appellant, v. Bonnie Mendell, Formerly Known as Bonnie Bassett, Defendant-Appellee.

Gen. No. 69–21.

Third District.

January 21, 1970.

Rehearing denied February 19, 1970.

Swain, Johnson & Gard, of Peoria, for appellant.

Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

STOUDER, P. J.

Edwin Hasselbacher, Plaintiff-Appellant, commenced this action in the Circuit Court of Peoria County seeking damages for the negligence of Bonnie Mendell, formerly Bonnie Bassett, Defendant-Appellee. The jury's verdict for $5,000 was in favor of plaintiff. Defendant's post-trial motion for judgment notwithstanding the verdict was granted and judgment was entered in favor of defendant resulting in this appeal by plaintiff.

The issue raised in this appeal is whether or not the court properly applied the rule relating to the direction of verdicts or the granting of motions notwithstanding the verdict.

At about 8:15 a. m. on the morning of July 28, 1965, plaintiff, driving a half-ton pickup truck, was headed east on Ill. Rt. 150. Near Kickapoo, Illinois, plaintiff ap-

proached a slower moving farm truck. Plaintiff decreased his speed, followed the farm truck for a time and after traffic in the opposite direction had cleared, he started to pass the farm truck. As he did so his truck was struck by defendant's car which had started to pass plaintiff's truck. Plaintiff's pickup truck was struck near the left rear corner.

Plaintiff contends there is ample evidence to support the verdict of the jury and consequently the trial court's conclusion to the contrary is erroneous.

Both parties have cited and quoted from Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504, which sets forth the applicable rule. The rule which has been designated the Pedrick Rule is so familiar as not to require restatement in this opinion. It should be observed that the rule is applicable both to motions for directed verdict and motions for judgment notwithstanding the verdict and consequently the consideration of the rule is independent of the verdict itself.

Numerous cases have been cited by plaintiff in support of his contention that if the evidence is substantially in conflict or if the reasonable inferences which may be drawn from the evidence are substantially conflicting, the issues are properly resolved by the jury. See Hanson v. Darby, 100 Ill App2d 339, 241 NE2d 110, and Luker v. Contract Steel Carriers, Inc., 103 Ill App2d 296, 243 NE 2d 6. Plaintiff then proceeds to detail certain parts of the evidence which he argues presented issues requiring resolution by the jury. Such evidence relates primarily to the alleged negligence of the defendant and if this were the only issue we would be inclined to hold that a jury question was involved.

However, of equal importance to the success of plaintiff's case is that the plaintiff present evidence of his own due care. See Carter v. Winter, 32 Ill2d 275, 204 NE2d 755 and Tompkins v. Twin Oaks Dairy Inc., 91

Ill App2d 88, 234 NE2d 403. With respect to this essential element of plaintiff's case, we believe there was no conflict to be resolved by the jury and plaintiff has as a matter of law failed in his proof of this essential element.

■ The highway where the incident took place is a two-lane highway, there being one lane for eastbound traffic and one lane for westbound traffic. According to plaintiff's testimony, he first observed the truck in front of him as he rounded a curve approximately one quarter mile from the scene of the impact. Plaintiff testified that at this point, i. e., one quarter mile from the scene, he looked in his rearview mirror and saw no cars behind him. Plaintiff's pickup truck was equipped with an outside rearview mirror on each side as well as an inside rearview mirror, or a total of three rearview mirrors. Plaintiff did not again look in his rearview mirror and in particular did not look in the mirror prior to crossing over into the passing lane. Indeed, plaintiff testified that he never saw defendant's car until it had pulled off the road in front of him after the impact. When asked on cross-examination whether he had looked in his mirrors before entering the passing lane his answer was that he more or less had the mirrors in his view all the time. The ambiguity and nonresponsiveness of this answer demonstrated what we consider to be an erroneous concept of plaintiff so far as his own due care is concerned. It seems to be plaintiff's theory that as long as he was proceeding in a forward direction and did not slow his speed or abruptly stop, his duty of due care was satisfied. To support such theory plaintiff's claim of due care emphasizes alleged negligence of defendant in "rear-ending" plaintiff's truck. We do not believe it can be said that a motorist is in the exercise of due care when he proceeds to change lanes for the purpose of passing without making any effort to ascertain whether other vehicles

traveling in the same direction are in such lane or will be interfered with. We know of no rule of law which says that the forward car has the right of way to enter a passing lane, and in our opinion, any driver may change lanes only when such change can be accomplished with due regard to the safety of other motor vehicles.

In the absence of evidence of plaintiff's due care or freedom from contributory negligence we believe the trial court was right in granting the motion for judgment notwithstanding the verdict of the jury.

For the foregoing reasons, the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

RYAN and ALLOY, JJ., concur.