Union Automobile Indemnity Association, Plaintiff-Appellee, *v.* Jay W. Drew, Defendant-Appellant.—(Jay W. Drew, Counter-Plaintiff and Appellant, *v.* Harold Redeker, Counter-Defendant and Appellee.)

(No. 71-152;

Third District—February 29, 1972.

Dwight W. McGrew, of Watseka, for appellant.

Richard J. Doyle, of Hoopeston, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Iroquois County.

Although Union Automobile Indemnity Association is the actual plaintiff in this cause, Harold Redeker for purposes of clarity shall be referred to as plaintiff, and J. W. Drew shall be referred to as defendant.

The plaintiff was driving his 1969 Ford Torino automobile in a westerly direction on a two lane pavement approximately two miles west of Woodland, Illinois. It was a clear, sunny day and at approximately 3:50 P.M. the vehicle of the plaintiff and the vehicle of the defendant collided in an area where the road was straight and level. The plaintiff testified that when he was approximately one-fourth of a mile from a farm driveway which he intended to enter by making a left hand turn, he saw the defendant's vehicle about one-half mile behind him. The plaintiff further testified that he activated his left turn signal light and proceeded in his lane of traffic; that he slowed down to permit an east bound vehicle

to pass him and that he then started his turn into the driveway. When he was about one-half way through the turn his automobile was struck in the left rear by the automobile of the defendant.

The defendant testified that he was driving a 1961 Ford automobile and that after he rounded an "S" curve some one-half to three-fourths of a mile east of the scene of the accident he saw plaintiff's automobile approximately one-fourth of a mile ahead of him. The defendant stated that he was driving approximately fifty-five miles per hour and that he noticed that the plaintiff's vehicle was slowing down and that he was gaining on it. That as he drew near the plaintiff's vehicle he started to pull into the passing lane, at which time he saw the right tail light of the plaintiff's automobile come on. The defendant further testified that he thought plaintiff was going to turn right into another driveway a short distance further west but instead the plaintiff started a left turn and that even though the defendant applied his brakes, his vehicle nevertheless slid until its right front end struck the plaintiff's car.

An investigating state trooper who arrived at the scene some twenty minutes after the collision testified that plaintiff's vehicle for the most part was in the driveway and that defendant's car was for the most part in the east bound lane of traffic. Skidmarks measured 102 feet, starting in the middle of the highway and were entirely in the east bound lane of traffic at the point of impact.

The trial court sitting without a jury entered judgment against the defendant and in favor of the Union Automobile Indemnity Association and it is from this judgment that an appeal is taken.

At the close of plaintiff's case and again at the close of all evidence the defendant moved for a directed judgment on the grounds that the plaintiff had failed to prove that he was free from contributory negligence prior to and at the time of the occurrence. These motions were denied by the trial court.

The sole issue presented for review is whether the plaintiff failed to prove as a matter of law his own due care or freedom from contributory negligence.

■■■ As we address ourselves to the contention made by the defendant in this case, and the opposition thereto by the plaintiff, it is well that we first consider rules of law that have long prevailed and which have shown marked durability over the years. Where reasonable men would differ when viewing evidence as to whether or not a plaintiff is guilty of contributory negligence, it is a question of fact rather than law. (*Pennington v. McLean*, 16 Ill.2d 577, 158 N.E.2d 624; *Csalany v. Senesac*, 91 Ill.App.2d 241, 234 N.E.2d 72). Where reasonable men would differ as to the inferences to be drawn from undisputed facts

it is a question of fact rather than law. *Turner v. Cummings,* 319 Ill.App. 225, 48 N.E.2d 964.

■■ Under a factual situation as disclosed by the evidence in this case we are of the opinion the question of whether or not plaintiff was guilty of contributory negligence was entirely a question of fact to be determined by the trial court. Where the testimony is conflicting the court or jury must reconcile it if possible, and if not, must determine where the truth lies, and having seen and heard the witnesses may give credence to one or more of them and discredit the others. (I.L.P., Vol., 18, Evidence, Sec. 344, p. 480). Under the facts as they are disclosed by the evidence in this case we are of the opinion and so hold, there was no error on the part of the court in denying defendant's motions for a directed judgment on the ground that the plaintiff failed to prove freedom from contributory negligence.

The defendant urges that the opinion in *Hasselbacher v. Mendell,* 119 Ill.App.2d 90, 255 N.E.2d 484, which emanated from this court, is controlling of the question of the plaintiff's failure to prove his own due care. With this contention we do not agree for in *Hasselbacher* our court was presented not only with a different factual situation but this court held that the plaintiff's testimony relating to due care was both ambiguous and non-responsive. We do not deem it necessary to recount and compare the evidence in *Hasselbacher* with the case now before us. Suffice to say that in the instant case we have unequivocal testimony that the plaintiff ascertained the location of the defendant one-half mile behind him when he was only one-fourth of a mile from the driveway upon which he intended to turn. The plaintiff testified he turned on his left hand turn signal and a state trooper further testified that plaintiff's turn signals were operable. The plaintiff allowed a vehicle coming towards him to pass and then he intermittently applied his brakes and slowed down his vehicle for the purpose of making the turn. An almost immediate post accident investigation conducted by a state trooper established the fact that skidmarks made by the defendant's vehicle measured 102 feet and that they commenced in the middle of the highway but were entirely in the lane for east bound traffic at the time of impact. Such clear and unrebutted testimony was not present in the *Hasselbacher* case and we therefore must reject the defendant's argument that this court's opinion in that case is controlling in the instant case.

For the reasons set forth the judgment of the circuit court of Iroquois County is hereby affirmed.

Judgment affirmed.

ALLOY and DIXON, JJ., concur.