(No. 80-CC-0055-)

EUGENE DEFFENBAUGH, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 13, 1981.*

RENO, O'BYRNE & KEPLEY, for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

The Claimant brings this action seeking damages for property damage to his automobile, which was involved in a collision, while being driven by his wife, with a snow plow truck operated by the State of Illinois on December 8, 1978.

Prior to the hearing before a commissioner of this Court the Respondent, State of Illinois, admitted, pursuant to a request to admit facts that on December 8, 1978, an employee of the State, Glenn F. Corbly, was driving a State truck snow plow east on Route 136, near Interstate 57 in Rantoul, Illinois. It was admitted that Corbly was acting in the scope of his employment and while so engaged he was involved in a collision with the Claimant's automobile, which was being driven by the Claimant's wife.

An evidentiary hearing was held before commissioner Barnes. The evidence adduced at the hearing showed that the State snow plow and Claimant's automobile were proceeding in an easterly direction on Route 136, which is a 4-lane highway with a concrete median strip where this incident occurred. Claimant's automobile, which was driven by his wife, proceeded to attempt to overtake the snow plow in the left-hand lane. The snow plow moved toward the center and then attempted a turn into an exit ramp, which was the wrong way. The snow plow was not engaged in any maintenance work at the time of the accident other than perhaps the reasonable inference of checking the high-

way for any drifting snow. The snow plow did not give any turn signal and was in the right lane when it began to turn left. The Claimant's wife tried to brake to avoid the impact. The Claimant's wife spoke to the plow driver who told her, "I didn't see you coming. I didn't think you would pass me that quick."

The damage to the Claimant's auto cost $3,695.16 to repair which included the cost of towing the vehicle from the scene.

The State did not offer any evidence in contravention to the Claimant.

The Claimant contends that the Respondent's employee was negligent in the operation of the plow which was the sole proximate cause of the collision. The State urges that in addition to the Claimant's wife's contributory negligence the provisions of section 11—205(f) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—205(f)), made the operator of the State vehicle immune from liability.

A review of the evidence shows that the Respondent's driver did not drive within a single lane, that he did not move from one lane without ascertaining that it could be done so with safety and that no signal was given of the intention to do so. These actions are violations of sections 11—709, 11—801, and 11—804 of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, pars. 11—709, 11—801, 11—804). A violation of the statute is *prima facie* evidence of negligence which can be rebutted. (*Csalany v. Senesac* (1968), 91 Ill. App. 2d 241, 234 N.E.2d 72.) This is a question of fact which will be resolved in the Claimant's favor because the State never offered any evidence to overcome the Claimant's evidence.

Section 11—205(f) of the Illinois Vehicle Code provides in part that:

"The provisions of the Chapter, . . . do not apply to persons, motor vehicles and other equipment while actually engaged in work upon the surface of the highway . . ."

The evidence shows that the driver of the plow did not have the blade down and was not in the process of removing any ice or snow from the highway or salting the surface at the time.

Even if the driver were engaged in work upon the highway, a State employee is held to a standard of ordinary care in the work being performed. (*Kloese v. State* (1974), 30 Ill. Ct. Cl. 4, 8.) Therefore, Corbly was required to drive in a manner similar to an ordinarily prudent person under the like circumstances. The evidence shows that he did not do so where he failed to keep a lookout for following vehicles. His negligence is the proximate cause of the collision.

The State also alleges that the Claimant's wife was contributorily negligent. The Claimant states that his wife was in a bailor-bailee relationship and therefore any negligence of her's would not be imputed to him. (*Rains v. State* (1965), 25 Ill. Ct. Cl. 130, 137.) The evidence shows that, regardless of the legal relationship between the Claimant and his wife at the time she drove the car, she was not negligent in the operation of the vehicle. Therefore, the Claimant shall recover for his loss due to the collision.

The evidence is not disputed that the Claimant incurred and paid $3670.16 to repair the vehicle and that he incurred and paid $25.00 for towing charges. Since the amount of damages is not disputed the Claimant shall be awarded the sum of $3695.16.